Roy F. BARTELS, The Estate of Roy F. Bartels by
Debra Bartels, Personal Representative, and
Debra Bartels, Plaintiffs-Appellants,†

v.

RURAL MUTUAL INSURANCE COMPANY,
Defendant-Respondent.

Court of Appeals

*No. 03–3393. Submitted on briefs June 2, 2004.—Decided
July 7, 2004.*

2004 WI App 166

(Also reported in 687 N.W.2d 84.)

† Petition for review denied 9-16-04.

On behalf of the plaintiffs-appellants, the cause was submitted on the briefs of *Nathaniel Cade, Jr.* and *Timothy M. Hansen* of *Michael, Best & Friedrich, LLP* of Milwaukee.

On behalf of the defendant-respondent, the cause was submitted on the brief of *Erik J. Pless* of *Everson, Whitney, Everson & Brehm, S.C.* of Green Bay.

Before Cane, C.J., Hoover, P.J., and Peterson, J.

¶ 1. CANE, C.J. Roy F. Bartels, Debra Bartels, and the estate of Roy F. Bartels appeal a judgment dismissing their amended complaint against Rural Mutual Insurance Company as time-barred. The Bartelses argue that because they timely amended their complaint and because the amended complaint relates back to the original complaint's filing, the trial court erred by concluding their claim against Rural was barred by the statute of limitations. We disagree and affirm the judgment.

### BACKGROUND

¶ 2. For purposes of this appeal, the following facts alleged in the complaint are not in dispute. Roy was killed on February 1, 1999, while attempting to aid motorists involved in a multiple car accident on U.S. Highway 41 in Outagamie County. While Roy was at the scene, Marvin Fox stopped at the scene and parked his vehicle on the highway's shoulder to render aid. After Fox parked his vehicle, Stephan Ziehms lost control of his vehicle and struck Fox's parked vehicle. The collision caused Fox's vehicle to lurch forward and strike Roy. Roy was killed instantly and discovered under Fox's vehicle several hours later.

¶ 3. The Bartelses filed the original summons and complaint with the circuit court on January 31, 2002. The original complaint named four parties: Ziehms,

733

American Family Mutual Insurance Company (Ziehms' automobile liability insurer), Economy Preferred Insurance Company (the Bartelses' underinsured motorist coverage insurer), and Rural (Fox's liability and underinsured motorist coverage insurer). The original complaint alleged three claims: (1) a negligence claim against Ziehms for losing control of his vehicle, (2) a UIM claim against Economy Preferred, and (3) a UIM claim against Rural. The Bartelses did not allege Fox was negligent and did not pursue a direct action negligence claim against Rural for Fox's negligence.

¶ 4. It is undisputed that the statute of limitations expired on February 1, 2002, the day after the original summons and complaint were filed. *See* WIS. STAT. § 893.54.[1] It is also undisputed that the Bartelses did not serve Rural with the original summons and complaint within ninety days of their filing. *See* WIS. STAT. § 801.02(1). In fact, the Bartelses never served Rural with the original summons and complaint.

¶ 5. Almost three months after the statute of limitations expired, on May 17, 2002, the Bartelses amended their complaint, which for the first time included an allegation of negligence against Rural's insured, Fox. On that date, they also filed a notice of voluntary dismissal of Ziehms, American Family, and Economy. Thus, because the Bartelses were suing Rural under the direct action statute, *see* WIS. STAT. § 632.24, Rural was the sole defendant. On July 17, 2002, the Bartelses filed an amended summons and timely served Rural with the amended summons and complaint on August 8, 2002.[2]

---

[1] All references to the Wisconsin Statutes are to the 2001–02 version unless otherwise noted.

[2] Although the record does not reflect that the amended summons and complaint were served on Rural, the Bartelses

734

¶ 6. Rural moved to dismiss the amended complaint on statute of limitations grounds. *See* WIS. STAT. § 802.06(2)(a)9. The trial court granted the motion, concluding that the amended complaint filed after the statute of limitations expired could not relate-back to the date of the original action's filing because the Bartleses' failed to properly commence the original action against Rural. The Bartelses appeal.

## DISCUSSION

¶ 7. A motion to dismiss based on a statute of limitations is treated as a motion for summary judgment. *See* WIS. STAT. § 802.06(2)(b). When reviewing a summary judgment, we perform the same function as the trial court, making our review de novo. *Green Spring Farms v. Kersten*, 136 Wis. 2d 304, 315, 401 N.W.2d 816 (1987).

¶ 8. The Bartelses argue the trial court erred by concluding an amended complaint cannot resurrect an original complaint that was not properly commenced. To combat this conclusion, the Bartelses advance a twofold argument around WIS. STAT. § 802.09(1) and (3).

¶ 9. The Bartelses first resort to WIS. STAT. § 802.09(1), which gives a party the ability to amend its pleading "once as a matter of course at any time within 6 months after the summons and complaint are filed."

argue in their brief that they served Rural on August 8, 2002. Rural notes the record does not reflect the date of service, but it acknowledges in its brief that it was served with the amended summons and complaint on August 8. Further, Rural's brief in support of their motion to dismiss acknowledged as undisputed that they were served with the amended summons and complaint on August 8.

The Bartelses note this statute refers to the original summons and complaint's filing date, not commencement date. Because they filed their original summons and complaint on January 31, 2002, and filed their amended summons and complaint on May 17, 2002, the amended complaint fell well within the six-month window provided in § 802.09(1). And because they served Rural within ninety days of filing the amended summons and complaint, the Bartelses contend the amended complaint was properly commenced. Thus, given § 802.09(1)'s focus on the date of filing, the Bartelses essentially argue their failure to commence the original lawsuit against Rural was insignificant.

¶ 10. The second step in the Bartelses' argument involves WIS. STAT. § 802.09(3), the "relation back" statute. The Bartelses concede the statute of limitations expired on February 1, 2002, while their amended complaint was not filed until May 17, 2002. Thus, they state, "the only thing that could save [their amended complaint] is if it 'relates' back to the original complaint." Using § 802.09(3), the Bartelses contend that because the claim in their amended complaint arose out of the same "transaction, occurrence, or event set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the filing of the original pleading." *See id.* Therefore, the Bartelses argue, because the amended claim relates back to the date the original action was filed, the amended claim is not time barred.

¶ 11. The Bartelses' attempt to rectify their failure to properly commence the original action by timely serving Rural is novel. However, it is fundamentally flawed for either of two reasons.

## I. Added Party, Relation-Back, and Statute of Limitations

■

¶ 12. First, the Bartelses' amended complaint did more than simply add a claim; it also added a new party, namely, Rural. However, this addition contravenes the relation-back statute, WIS. STAT. § 802.09(3), and therefore vitiates Rural's statute of limitations protections.

■

¶ 13. Although the original complaint named and included a UIM claim against Rural, it is undisputed that the Bartelses did not serve Rural with the original complaint within ninety days. *See* WIS. STAT. § 802.01(1). "A person does not become a party to an action by the mere naming of him or her in the title of the action." *See* 59 AM. JUR. 2d *Parties* § 6 (2002). "It is widely accepted that an individual named as a co-defendant is not a party unless he [or she] has been served." *Rae v. All Am. Life & Cas. Co.*, 605 P.2d 196, 197 (Nev. 1979). Thus, despite being named in the original action, because Rural was never served in the original action, Rural could not have been a party to the original action. Therefore, by including Rural in the amended complaint, the Bartelses have added a new party.

■

¶ 14. This addition, however, runs afoul of WIS. STAT. § 802.09(3). Section 802.09(3) "ameliorate[s] the effect of the statute of limitations in situations where the original pleadings provided fair notice to the opposing party of the claim or defense raised." *Korkow v. General Cas. Co.*, 117 Wis. 2d 187, 196, 344 N.W.2d 108 (1984). Thus, "If a party is given fair notice within the statutory time limit of the facts out of which the claim

737

arises ... it is not deprived of any protections the statute of limitations was designed to afford."[3] *Id.* at 199. More specifically, § 802.09(3) requires four conditions be met in order to have a claim against a new party relate back to the original pleadings:

> (1) the basic claim must have arisen out of conduct set forth in the original pleadings; (2) the party to be brought in must have received notice so that it will not be prejudiced in maintaining its defense; (3) the party knew or should have known that, but for a mistake concerning identity, the action would have been brought against it; and (4) most significantly, the second and third requirements must have been fulfilled within the prescribed limitations period.

*Grothe v. Valley Coatings, Inc.*, 2000 WI App 240, ¶ 9, 239 Wis. 2d 406, 620 N.W.2d 463.

¶ 15. At a minimum, the Bartelses cannot satisfy the second and fourth conditions. Again, Rural was never served with the original summons and complaint. Thus, it did not have notice of the suit within the prescribed limitations period.[4] Because Rural did not have timely notice of the original action, to allow the amended suit to proceed would deprive Rural of the

---

[3] In *Korkow*, the supreme court observed:

> The purpose of statutes of limitations is to ensure prompt litigation of claims and to protect defendants from fraudulent or stale claims brought after memories have faded or evidence has been lost. *This purpose is accomplished by requiring that parties be given formal and seasonable notice that a claim is being asserted against them.*

*Korkow v. General Cas. Co.*, 117 Wis. 2d 187, 198–99, 344 N.W.2d 108 (1984) (emphasis added).

[4] As noted above, the statute of limitations expired on February 1, 2002, the day after the original summons and complaint were filed.

statute of limitations protections. Therefore, without considering the other conditions, because the Bartelses cannot satisfy the second and fourth conditions of WIS. STAT. § 802.09(3), the amended complaint does not relate back to the original pleading and the amended pleading is consequently time barred.

## II. FUNDAMENTAL DEFECT

■■■■■■

¶ 16. The second, broader reason the Bartelses' argument is flawed is because it disregards the legal effect of their failure to serve Rural with the original summons and complaint within ninety days of their filing. As the supreme court held in *American Family Mutual Insurance Co. v. Royal Insurance Co.*, 167 Wis. 2d 524, 534–35, 481 N.W.2d 629 (1992), this failure constituted a fundamental defect.[5] A fundamental defect deprives the circuit court of personal jurisdiction over the defendant, *id.*, and renders the original pleading a legal nullity. *See Estate of Kitzman*, 163 Wis. 2d 399, 403, 471 N.W.2d 293 (Ct. App. 1991) (pleadings containing defects that affect the substantial rights of the defendant—which, by definition, includes fundamental defects—are legal nullities). A fundamental defect is "fatal to the action," *Hagen v. MERS*, 2003 WI 56, ¶ 13, 262 Wis. 2d 113, 663 N.W.2d 268, warrants dismissal of the action, *Gaddis v. La Crosse Prod., Inc.*,

---

[5] Fundamental defects stand in contrast to technical defects: "[W]here the defect is technical, the court has personal jurisdiction only if the complainant can show the defendant was not prejudiced, and, where the defect is fundamental, no personal jurisdiction attaches regardless of prejudice or lack thereof." *American Fam. Mut. Ins. Co. v. Royal Ins. Co.*, 167 Wis. 2d 524, 533, 481 N.W.2d 629 (1992).

198 Wis. 2d 396, 407–08, 542 N.W.2d 454 (1996), and may "prevent [the plaintiff] from having his [or her] day in court." *Id.* at 408.

¶ 17. Given the nature and consequences of a fundamental defect, we conclude a fundamental defect cannot be remedied with an amended pleading.[6] To conclude otherwise would furnish a complainant with a loophole in which the consequences of failing to follow the strictures for commencing an action are removed. In those circumstances, fundamental defects become less significant than even technical defects;[7] they simply become incidental defects, defects that are rendered inconsequential by merely following the procedure for amending a pleading. Furnishing a complainant with an escape of this sort is not only inimical to the idea of fundamental defects, it would contravene their consequences.

*By the Court.*—Judgment affirmed.

---

[6] As this court held in *Bendimez v. Neidermire*, 222 Wis. 2d 356, 361, 588 N.W.2d 55 (Ct. App. 1998), strict compliance with the rules of service are required, "even though the consequences may appear to be harsh."

[7] After all, technical defects may not defeat a complainant's action if the defect has not prejudiced the defendant. *American Fam.*, 167 Wis. 2d at 534.