Holly Bergstrom, Lois Cruthers, Max Cruthers, Mary Falk, Fay Gustafson, Mark Gustafson, Paul Hansen, Kristin Johnson, Mark Johnson, Nancy Jorgenson, Russell Jorgenson, Anthony Menke, Sandra Menke, Alan Pearson, Patricia Pearson, Pamela Petersen, Roger Petersen and Jean Schermer, Plaintiffs-Respondents,

v.

Polk County, Defendant-Appellant,

Mathy Construction Company, Defendant-Co-Appellant.

Court of Appeals

*No. 2009AP2572. Submitted on briefs December 14, 2010. —Decided January 11, 2011.*

2011 WI App 20

(Also reported in 795 N.W.2d 482.)

680

On behalf of the defendant-appellant, the cause was submitted on the brief of *Malia T. Malone*, assistant corporation counsel, Balsam Lake.

On behalf of the defendant-co-appellant, the cause was submitted on the briefs of *Allen A. Arntsen*, *Michael S. Heffernan* and *Tony H. McGrath* of *Foley & Lardner LLP*, Madison.

On behalf of the plaintiffs-respondents, the cause was submitted on the brief of *Richard Ihrig* of *Lindquist & Vennum P.L.L.P.*, Minneapolis, Minnesota.

Before Hoover, P.J., Peterson and Brunner, JJ.

¶ 1. PETERSON, J. Polk County appeals an order denying its motion to dismiss a certiorari action filed by Holly Bergstrom and seventeen other Polk County property owners (collectively, Bergstrom). Mathy Construction Company appeals an order denying its motion for judgment on the pleadings.[1] Both the County and Mathy argue the circuit court lacked personal jurisdiction because Bergstrom did not serve her summons and complaint in a manner authorized by WIS. STAT.

---

[1] Petition to for leave to appeal non-final orders was granted January 5, 2010.

681

§ 801.11.[2] The circuit court determined that, despite the defective service, it could exercise personal jurisdiction over both defendants due to "special circumstances." The court further concluded that Mathy had waived its jurisdictional objections, pursuant to Wis. Stat. § 807.07(1), by participating in the litigation before filing its motion for judgment on the pleadings.

■

¶ 2. We disagree. First, the special circumstances exception does not apply in the context of a certiorari action initiated by filing a summons and complaint. Thus, special circumstances cannot establish personal jurisdiction in a certiorari action when the defendant has not been served in accordance with Wis. Stat. § 801.11. Second, even if the special circumstances exception did apply, special circumstances were not present in this case. Third, Mathy did not waive its jurisdictional objections by filing an answer that specifically alleged lack of personal jurisdiction and lack of service as affirmative defenses. We therefore reverse.

## BACKGROUND

¶ 3. This appeal arises out of the Polk County Land and Water Resources Department's issuance of a nonmetallic mining reclamation permit to a subsidiary of Mathy. Bergstrom unsuccessfully challenged the issuance of the permit in administrative proceedings. She then sought certiorari review in the circuit court by filing a summons and complaint that named the County and Mathy as defendants.

¶ 4. It is undisputed that Bergstrom did not personally serve the County in the manner required by

---

[2] All references to the Wisconsin Statutes are to the 2007–08 version unless otherwise noted.

WIS. STAT. § 801.11(4)(a)1. Section 801.11(4)(a)1. requires that a summons and complaint against a county be personally served on the county board chairperson or on the county clerk. Instead, Bergstrom mailed authenticated copies of the summons and complaint to the Polk County corporation counsel.

¶ 5. It is also undisputed that Bergstrom did not personally serve Mathy in the manner required by WIS. STAT. § 801.11(5) for service on a corporation. Instead, Bergstrom mailed authenticated copies of the summons and complaint to Mathy's attorney.

¶ 6. In lieu of an answer, the County filed a motion to dismiss Bergstrom's complaint. The County alleged Bergstrom's mailing of the summons and complaint to the county corporation counsel did not meet the WIS. STAT. § 801.11(4)(a)1. requirement of personal service on either the county board chairperson or the county clerk.

¶ 7. Mathy filed a timely answer that requested dismissal of Bergstrom's complaint. As defenses, Mathy's answer alleged that the circuit court did not have personal jurisdiction over Mathy and that Bergstrom had failed "to serve sufficient or proper process on one or more defendants." Mathy then filed a motion for judgment on the pleadings, alleging that the circuit court lacked personal jurisdiction because Bergstrom had not personally served Mathy in the manner required by WIS. STAT. § 801.11(5).

¶ 8. In responses to both motions, Bergstrom admitted she had not properly served either the County or Mathy. However, she argued that service by mail on the defendants' respective attorneys was sufficient to establish personal jurisdiction because "special circumstances" excused the defective service. Bergstrom alleged, " 'Special circumstances' giving courts personal jurisdiction in an appeal exist, even where technical compliance with

683

service requirements is lacking, where counsel upon whom service is effected has taken actions showing authority to act as agent for the party to be served." Bergstrom argued both the County's and Mathy's attorneys had indicated they were authorized to act on their clients' behalf. She also contended Mathy waived its jurisdictional objections, pursuant to WIS. STAT. § 807.07(1), by filing an answer before moving for judgment on the pleadings.

¶ 9. The circuit court agreed with Bergstrom and denied both defendants' motions. The court held that, because "special circumstances" existed, mailing the summons and complaint to the county corporation counsel established personal jurisdiction over the County. The court noted that the assistant corporation counsel had participated in the administrative hearing from which the certiorari review was taken and had communicated with Bergstrom's counsel about the appellate record before filing the County's motion to dismiss. As a result, the court determined dismissal of Bergstrom's complaint as to the County would be "unduly harsh."

¶ 10. The court similarly held it could exercise personal jurisdiction over Mathy due to "special circumstances," stating:

> Mathy's counsel never contended that they did not have authority to accept service on behalf of Mathy. Mathy's counsel continued to communicate with [Bergstrom's] counsel regarding the appellate record and the supplementation of that record. There is no showing that Mathy would be prejudiced by this court exercising personal jurisdiction over Mathy in this case. Conversely, there is significant evidence to indicate that [Bergstrom] would be severely prejudiced if this court grants Mathy's Motion for Judgment on the Pleadings.

684

Under the circumstances, dismissal of [Bergstrom's] action as to Mathy is unduly harsh.

The court also concluded that, by filing an answer, Mathy had participated in the case and thereby waived its jurisdictional objections.

¶ 11. Both the County and Mathy now appeal.

## DISCUSSION

██ ██

¶ 12. The personal service requirements of WIS. STAT. § 801.11 apply to a certiorari action commenced by the filing of a summons and complaint. *See* WIS. STAT. §§ 801.02(1) and (5), 801.11.[3] It is undisputed that Bergstrom did not personally serve either the County or Mathy in the manner prescribed by WIS. STAT. § 801.11. Generally, failure to properly serve a defendant is a fundamental defect fatal to the action, regardless of prejudice, *Hagen v. City of Milwaukee Employes' Ret. Sys. Annuity & Pension Bd.*, 2003 WI 56, ¶ 13, 262 Wis. 2d 113, 663 N.W.2d 268, and warrants dismissal of the plaintiff's complaint, *Bartels v. Rural Mut. Ins. Co.*,

---

[3] WISCONSIN STAT. § 801.02(1) governs service of process for a certiorari action initiated by filing a summons and complaint. *See* WIS. STAT. § 801.02(5); *Nickel River Invs. v. City of La Crosse Bd. of Review*, 156 Wis. 2d 429, 430–32, 457 N.W.2d 333 (Ct. App. 1990). Section 801.02(1) provides that a civil action is commenced when a plaintiff files a summons and complaint with the court, "provided *service* of an authenticated copy of the summons and of the complaint is made within 90 days after filing." (Emphasis added.)

WISCONSIN STAT. § 801.11(4)(a)1. sets forth the requirements for service upon a county, while WIS. STAT. § 801.11(5) sets forth the requirements for service upon a corporation. Both §§ 801.11(4)(a)1. and 801.11(5)(a) require personal service. Neither section allows service of a summons and complaint by mail.

685

2004 WI App 166, ¶ 16, 275 Wis. 2d 730, 687 N.W.2d 84. "Wisconsin requires strict compliance with its rules of statutory service, even though the consequences may appear to be harsh." *Dietrich v. Elliot*, 190 Wis. 2d 816, 528 N.W.2d 17 (Ct. App. 1995). We have previously stated that, if the service statutes "are to be meaningful, they must be unbending." *Mech v. Borowski*, 116 Wis. 2d 683, 686, 342 N.W.2d 759 (Ct. App. 1983).

¶ 13. Bergstrom argues the general rule requiring strict compliance with the rules of statutory service should not apply in this case, because "special circumstances" establish personal jurisdiction over the County and Mathy and excuse the defective service of the summons and complaint. Bergstrom also contends Mathy waived its jurisdictional objections, pursuant to Wis. Stat. § 807.07(1).

■■

¶ 14. We will not set aside the circuit court's findings of fact unless clearly erroneous. Wis. Stat. § 805.17(2). However, whether the special circumstances exception applies, and whether the facts establish the existence of special circumstances, are questions of law that we review independently. *See City of La Crosse v. Shiftar Bros.*, 162 Wis. 2d 556, 561–62, 469 N.W.2d 915 (Ct. App. 1991). Determining whether Mathy waived its jurisdictional objections requires us to interpret Wis. Stat. § 807.07(1), which also presents a question of law that we review independently. *See Goudy v. Yamaha Motor Corp.*, 2010 WI App 55, ¶ 10, 324 Wis. 2d 441, 782 N.W.2d 114.

## I. The "special circumstances" exception

¶ 15. Bergstrom argues that, in certain cases, special circumstances excuse defective service and es-

tablish personal jurisdiction over a defendant who has not been properly served. Our supreme court summarized this "special circumstances" exception in *Gangler v. Wisconsin Electric Power Co.*, 110 Wis. 2d 649, 658, 329 N.W.2d 186 (1983), a case involving condemnation proceedings under WIS. STAT. ch. 32:

> [T]his court has held that when notice of appeal is given to the attorney who represented a party in the condemnation proceedings and when "special circumstances" are present, the circuit court has jurisdiction to proceed. One such special circumstance is "when an attorney at law formally acknowledges the receipt of a document as an attorney on behalf of a client." *Fontaine v. Milwaukee County Expressway Comm.*, 31 Wis. 2d 275, 278–80, 143 N.W.2d 3 (1966). Another special circumstance is when an attorney formally admits "due and personal service of a notice of appeal." *Big Valley Farms, Inc. v. Public Service Comm.*, 66 Wis. 2d 620, 625–26, 225 N.W.2d 488 (1975). In these cases this court found that a prima facie case of agency to accept service had been established by the uncontradicted statement of the attorney that he was acting as agent for the client in accepting service of the papers.

Bergstrom contends the circuit court properly applied the special circumstances exception in this case because both Polk County's corporation counsel and Mathy's attorney gave Bergstrom reason to believe they had authority to accept service on behalf of their respective clients.

¶ 16. We conclude the special circumstances exception does not apply in a certiorari action commenced by summons and complaint. Bergstrom primarily relies on five cases to support her argument. Four of these cases involved condemnations under WIS. STAT. ch. 32. *See Gangler*, 110 Wis. 2d 649; *Big Valley Farms, Inc. v.*

*Public Serv. Corp.*, 66 Wis. 2d 620, 225 N.W.2d 488 (1975); *Fontaine v. Milwaukee Cnty. Expressway Comm'n*, 31 Wis. 2d 275, 143 N.W.2d 3 (1966); *Dairyland Fuels, Inc. v. State*, 2000 WI App 129, 237 Wis. 2d 467, 614 N.W.2d 829. Condemnation proceedings are different from certiorari actions because ch. 32 allows service of the initial petition by certified mail and does not require compliance with the personal service requirements of Wis. Stat. ch. 801. *See* Wis. Stat. §§ 32.05(10), 32.06(10). In contrast, the personal service requirements of ch. 801 explicitly apply to certiorari actions initiated by the filing of a summons and complaint. *See* Wis. Stat. §§ 801.02(1), (5). Bergstrom has not cited any decision holding that special circumstances may relieve a party from compliance with the personal service requirements of ch. 801.

¶ 17. The only case Bergstrom cites to support her claim that the special circumstances exception applies outside the condemnation context is *County of Milwaukee v. Labor & Industry Review Commission*, 142 Wis. 2d 307, 418 N.W.2d 35 (Ct. App. 1987). That case did not hold, however, that the special circumstances exception has application in non-condemnation cases. The *County of Milwaukee* court did not need to decide this issue because it concluded that, in any event, the facts alleged did not constitute special circumstances. *Id.* at 314.

¶ 18. Moreover, *County of Milwaukee* involved an action for Wis. Stat. ch. 227 review of a Labor and Industry Review Commission decision. As with Wis. Stat. ch. 32, filing a petition for review under ch. 227 does not require compliance with the personal service requirements of Wis. Stat. ch. 801. Like Wis. Stat. §§ 32.05(10) and 32.06(10), Wis. Stat. § 227.53(1)(c) allows service of the petition for review either person-

ally or by certified mail. Thus, *County of Milwaukee* does not stand for the proposition that special circumstances may relieve a party from compliance with the personal service requirements of ch. 801.

¶ 19. In an action against a county, WIS. STAT. ch. 801 requires personal service upon the county board chairperson or county clerk. WIS. STAT. § 801.11(4)(a)1. In an action against a corporation, it requires personal service on the corporation's officer, director, or managing agent. WIS. STAT. § 801.11(5)(a). Chapter 801 explicitly applies to a certiorari action initiated by the filing of a summons and complaint. Bergstrom has not cited any authority for the proposition that special circumstances can establish personal jurisdiction in a case where service is governed by ch. 801. Thus, we conclude the special circumstances exception does not apply in the context of a certiorari action commenced by the filing of a summons and complaint.

¶ 20. However, even if we were to apply the special circumstances exception, we would conclude that the facts of this case do not constitute special circumstances.

¶ 21. In *Gangler*, our supreme court recognized two situations where special circumstances are present: (1) when an attorney formally acknowledges receipt of a document on behalf of a client; and (2) when an attorney formally admits due and personal service of a notice of appeal. *Gangler*, 110 Wis. 2d at 658. The court stated that, in both of these situations, "agency to accept service has been established by the uncontradicted statement of the attorney that he was acting as agent for the client in accepting service of the papers." *Id.*

¶ 22. Here, neither the County's nor Mathy's counsel made any formal acknowledgement of receipt of Bergstrom's summons and complaint or any formal admission of service, much less an "uncontradicted statement" of authority to accept service. *See id.* After the County's corporation counsel received the summons and complaint, the County filed a motion to dismiss, specifically asserting that it had not been properly served. After Mathy's counsel received the summons and complaint, Mathy filed an answer specifically pleading lack of personal jurisdiction and failure to effect personal service.[4] Neither of these acts constitutes a formal acknowledgement of Bergstrom's summons and complaint or a formal admission of service. In fact, both the County's motion to dismiss and Mathy's answer specifically alleged ineffective service.

¶ 23. Nor can the minimal communications between the County's and Mathy's attorneys and Bergstrom's counsel be construed as a formal acceptance or admission of service. The circuit court found

---

[4] The circuit court determined that Mathy's answer did not fully disclose its jurisdictional objection. The court stated:

> On page 6 under the heading "Other Defenses" at paragraph 4 Mathy asserts that "This court does not have personal jurisdiction over Mathy." There is no stated basis for said assertion, simply a general assertion of lack of personal jurisdiction. Mathy's counsel never asserted in any other explicit and/or implicit manner that they were not authorized to accept service on behalf of Mathy. The first such assertion came at the filing of Mathy's Motion for Judgment on the Pleadings[.]

The court's finding that Mathy's answer gave no basis for its challenge to personal jurisdiction is clearly erroneous. Mathy's seventh affirmative defense explicitly stated, "[Bergstrom has] failed to serve sufficient or proper process on one or more defendants."

that the County's assistant corporation counsel wrote to Bergstrom's counsel indicating that she was the attorney for the County and that she did "not intend to object to the inclusion of the exhibits attached to [his] letter in any proceeding that may come before the circuit court." And, according to the circuit court, after receiving Bergstrom's summons and complaint, Mathy's counsel "continued to communicate with [Bergstrom's] counsel regarding the appellate record and the supplementation of that record." Neither of these communications demonstrates a formal admission of service by the County or Mathy. They merely document a discussion about the composition of the record that was to be returned to the circuit court for certiorari review.

¶ 24. We have also recognized that special circumstances exist in situations where one party's attorney specifically directs other parties not to serve documents on his or her client. *See Morris v. Department of Transp.*, 2002 WI App 283, ¶ 21, 258 Wis. 2d 816, 654 N.W.2d 16. In *Morris*, the landowner's attorney in a condemnation proceeding specifically advised the department of transportation, in writing, that it should not contact his client. *Id.*, ¶ 4. In those circumstances, we concluded it was not unreasonable for the department to infer that it should serve documents on the landowner's attorney. *Id.*, ¶ 21.

¶ 25. Similarly, we found that special circumstances existed in a case where an assistant attorney general filed a notice of appearance specifically advising the landowner in a condemnation proceeding that all subsequent documents were to be served on her rather than on the department of transportation. *Dairyland Fuels*, 237 Wis. 2d 467, ¶¶ 29, 32. The assistant attorney general also wrote a letter to the landowner's counsel specifically directing that the department "be

removed from your mailing matrix." *Id.*, ¶ 26. Given these facts, we determined it was not unreasonable for the landowner to conclude it could serve the assistant attorney general, rather than the department. *Id.*, ¶ 28.

¶ 26. In the instant case, there were no communications directing Bergstrom to serve documents on counsel instead of on the County and Mathy. The special circumstances that existed in *Morris* and *Dairyland Fuels* were therefore not present here. Thus, even if the special circumstances exception applied in a certiorari action initiated by summons and complaint, the facts of this case do not constitute special circumstances.

## II. Waiver of jurisdictional objections

¶ 27. Bergstrom contends that Mathy waived its right to contest personal jurisdiction. Bergstrom relies on WIS. STAT. § 807.07(1), which provides, in pertinent part:

> When an appeal from any court, tribunal, officer or board is attempted to any court and return is duly made to such court, the respondent shall be deemed to have waived all objections to the regularity or sufficiency of the appeal or to the jurisdiction over the parties of the appellate court, unless the respondent moves to dismiss such appeal before taking or participating in any other proceedings in said appellate court.

Bergstrom argues Mathy participated in the certiorari action by filing an answer before moving for judgment on the pleadings and therefore waived its jurisdictional objections. We reject Bergstrom's argument for two reasons.

692

¶ 28. First, Wis. Stat. § 807.07(1) states that a respondent's participation in an appeal before filing a motion to dismiss waives jurisdictional objections "[w]hen an appeal from any court, tribunal, officer or board is attempted to any court *and return is duly made to such court*[.]" (Emphasis added.) The plain language of the statute provides that "return" must be "duly made" before the respondent's participation in the action waives jurisdictional objections. To date, no return has been made in this case.

¶ 29. "Return" is a long-standing term of art that refers to the official record of the body whose decision is being reviewed and which must be filed with the reviewing court in a certiorari action. *See, e.g., State ex rel. Sahagian v. Young,* 141 Wis. 2d 495, 497–98, 415 N.W.2d 568 (Ct. App. 1987); *State ex rel. Grant Sch. Dist. No. 4 v. School Bd. of Jefferson Joint Sch. Dist. No. 1,* 4 Wis. 2d 499, 503–04, 91 N.W.2d 219 (1958); *State ex rel. City of Augusta v. Losby,* 115 Wis. 57, 63–64, 90 N.W. 188 (1902). Our supreme court has noted that the "return" consists of "the papers acted upon" by the body whose decision is being challenged. *Lakeshore Dev. Corp. v. Plan Comm'n of Oconomowoc Lake,* 12 Wis. 2d 560, 565, 107 N.W.2d 590 (1963). Similarly, we have characterized the "return" as "a certification of the record of the proceedings to be reviewed." *Coleman v. Percy,* 86 Wis. 2d 336, 341, 272 N.W.2d 118 (Ct. App. 1978) *aff'd,* 96 Wis. 2d 578, 292 N.W.2d 615 (1980).

█

¶ 30. No return has been filed in this action. The circuit court record contains nothing more than Bergstrom's summons and complaint, Mathy's answer, and the various pleadings and orders addressing the jurisdictional dispute. The circuit court has not yet received the record of the underlying decision maker,

the Polk County Land and Water Resources Department. Thus, Mathy's answer was filed before return was made to the circuit court. Because WIS. STAT. § 807.07(1) provides that "return" must be "duly made" before the respondent's participation in the action waives jurisdictional objections, Mathy's answer did not waive its right to contest personal jurisdiction.

¶ 31. Bergstrom concedes that return has not been made. However, she argues WIS. STAT. § 807.07(1) should nevertheless apply because Mathy, as a defendant in the certiorari action, had an obligation to "cause the record to be transmitted to the clerk of court in which the action or proceeding is pending or . . . give notice of the pendency of the action to the person in possession of the record." *See* WIS. STAT. § 781.03(1). According to Bergstrom, Mathy has "refuse[d] to honor its statutory obligation" by delaying the return and, therefore, has forfeited its right to invoke the lack of return as grounds for defeating waiver.

¶ 32. Bergstrom does not cite any authority for this proposition. Moreover, WIS. STAT. § 781.03(1) does not set forth any date by which a defendant must "cause the record to be transmitted." Where, as here, an issue of jurisdiction must be determined before the court can turn to the merits of the certiorari review, there is no reason to cause the record to be forwarded to the circuit court prior to the resolution of the jurisdictional issue. Thus, Mathy has not "refuse[d] to honor its statutory obligation" by failing to cause return.

¶ 33. Additionally, a Judicial Council note to Ch. 289, § 12, Laws of 1981, which enacted WIS. STAT. § 781.03, states that the rule "puts the ultimate responsibility for transmitting the record on the person in possession of the record." Bergstrom concedes that Mathy is not in possession of the record, which cur-

rently resides in the Polk County Clerk's office. Thus, it would appear § 781.03(1) places the burden on the County, not Mathy, to ensure the record is transmitted to the circuit court. Furthermore, because the County was also named as a defendant in the certiorari action, there was no need for Mathy to "give notice to the pendency of the action to the person in possession of the record." *See* Wis. Stat. § 781.03(1).

■

¶ 34. The second reason we reject Bergstrom's argument that Mathy waived its jurisdictional objections is that we question whether filing an answer that specifically raises jurisdictional defects constitutes "participating" in the certiorari proceedings. Bergstrom contends Mathy participated in the certiorari proceedings by filing an answer before filing its motion for judgment on the pleadings. However, as Mathy points out, Wis. Stat. § 802.06(8)(a)1. allows a defendant to raise lack of personal jurisdiction in its answer without waiving that defense. *See also Dietrich*, 190 Wis. 2d at 824–25; *Danielson v. Brody Seating Co.*, 71 Wis. 2d 424, 431, 238 N.W.2d 531 (1976) ("If a defendant has properly raised his objection to jurisdiction in his answer, he may later take part in pretrial discovery or otherwise contest the merits of the action without waiving his objections to personal jurisdiction.").

¶ 35. Wisconsin Stat. § 802.06(8) has specific applicability in a certiorari action, which can be commenced by the filing of a complaint pursuant to Wis. Stat. § 801.02(5). Construing the filing of an answer that raises jurisdictional defects as "participating" in the certiorari proceedings would therefore place Wis. Stat. §§ 802.06(8) and 807.07(1) in conflict, because the former would allow a defendant to preserve jurisdictional objections in its answer, while the latter would

require the defendant to file a motion to dismiss. Moreover, interpreting § 807.07(1) in this way would lead to an absurd result, where a defendant, by filing an answer that specifically raises jurisdictional objections, waives its right to move to dismiss based on those objections. Consequently, we conclude filing such an answer does not constitute participation in certiorari proceedings and does not waive a defendant's right to contest personal jurisdiction.

*By the Court.*—Orders reversed.