Hoops Enterprises, III, LLC, Plaintiff-Respondent,

v.

Super Western, Inc. and Kapur & Associates, Inc.,
Defendants,

State of Wisconsin and its agency the
Department of Transportation,
Defendant-Appellant.

Court of Appeals

*No. 2012AP62. Submitted on briefs September 25, 2012.
—Decided December 12, 2012.*

2013 WI App 7

(Also reported in 827 N.W.2d 120.)

On behalf of the defendant-appellant, the cause was submitted on the briefs of *Richard Briles Moriarty*, assistant attorney general, and *J.B. Van Hollen*, attorney general.

On behalf of the plaintiff-respondent, the cause was submitted on the brief of *Victor E. Plantinga* of *Rose & deJong, S.C.*, Milwaukee.

Before Brown, C.J., Reilly and Gundrum, JJ.

¶ 1. REILLY, J.[1] Sovereign immunity bars suit against the State of Wisconsin unless the legislature has clearly and expressly consented to be sued. Hoops Enterprises, III, LLC filed a lawsuit against the State in an action seeking relief due to damage allegedly caused by roadwork overseen by the Department of Transportation (DOT). The State moved to dismiss on grounds of sovereign immunity. The circuit court denied the State's motion, concluding that WIS. STAT. §§ 88.87 and 32.18[2] authorized the claims asserted by Hoops against

---

[1] This court granted leave to appeal the order. *See* WIS. STAT. RULE § 809.50(3) (2009–10). All references to the Wisconsin Statutes are to the 2009–10 version unless otherwise noted.

[2] WISCONSIN STAT. § 88.87 addresses, as applicable to this action, duties placed on "the department of transportation" to

735

the State. We reverse as the statutes relied upon by Hoops do not clearly and expressly constitute consent by the State to be sued and the legislature has not consented to tort claims against the State.

## BACKGROUND

¶ 2. Hoops filed a summons and complaint naming the State as a defendant in this action. The DOT was not named as a party in either the complaint or the summons, even though the complaint alleged that the DOT was negligent in its approval of plans for a road construction project that flooded Hoops' property. The complaint stated, "The State of Wisconsin is joined in this action because the actions or omissions of its employees, agents or representatives of one of its agencies, the Department of Transportation, make the State legally liable for the damages sustained by the plaintiff." The State moved to dismiss the claims against it on the basis of sovereign immunity.

¶ 3. Hoops thereafter amended its complaint, adding to the caption of the amended complaint "and its agency the Department of Transportation" after "State of Wisconsin." The amended complaint changed the basis for liability against the State, alleging causes of action against the State under Wis. Stat. §§ 88.87, 32.10, and 32.18. The amended complaint did not name the DOT as a party in the body of the complaint, and no summons was ever served upon the DOT as a party. In addition to a general plea for money damages and costs, the amended complaint sought equitable relief from the

not obstruct natural drainage when constructing highways. Wisconsin Stat. § 32.18 addresses eminent domain when "the department of transportation" causes a change of the grade of a road that damages adjoining land.

State in the form of repairing a culvert. The amended complaint did not seek any relief from the DOT.

¶ 4. The State argued that the circuit court should not consider the amended complaint as it had been submitted outside of the court's scheduling order and, alternatively, if the circuit court considered the amended complaint, that the cited statutes still did not provide authority to sue the State.

¶ 5. The circuit court denied the State's motion to dismiss, finding that Hoops had stated a valid claim against the State under WIS. STAT. §§ 88.87 and 32.18. The circuit court held that its scheduling order was only for the motion to dismiss and not a WIS. STAT. § 802.10(3) scheduling order applicable to an amended complaint. Regardless, the court found that Hoops had stated a valid claim against the State "*with or without consideration of the Hoops brief and Amended Complaint . . . .*" (Emphasis in original.) We granted the State leave to appeal.

## STANDARD OF REVIEW

¶ 6. A motion to dismiss on the grounds of sovereign immunity is a challenge to a court's personal jurisdiction. *See* WIS. STAT. § 802.06(2)(a)3.; *see also Lister v. Board of Regents*, 72 Wis. 2d 282, 296, 240 N.W.2d 610 (1976). We independently review a circuit court's denial of a motion to dismiss for lack of personal jurisdiction. *See Pool v. City of Sheboygan*, 2007 WI 38, ¶ 9, 300 Wis. 2d 74, 729 N.W.2d 415.

## DISCUSSION

¶ 7. "[T]he State cannot be sued without its consent, and the legislature directs the manner in which

suits may be brought against the State." *PRN Assocs. v. DOA*, 2009 WI 53, ¶ 51, 317 Wis. 2d 656, 766 N.W.2d 559. Any legislative consent to suit against the State "must be clear and express." *State v. P.G. Miron Constr. Co.*, 181 Wis. 2d 1045, 1052–53, 512 N.W.2d 499 (1994). The State is a separate legal entity from its agencies. *See Konrad v. State*, 4 Wis. 2d 532, 539, 91 N.W.2d 203 (1958). A statute authorizing recovery from State agencies requires action against those named agencies and not the unnamed State. *See id.*

¶ 8. WISCONSIN STAT. § 88.87 sets forth the procedures under which property owners aggrieved by water problems created by the DOT's improper construction or maintenance of highway grades "may bring an action in inverse condemnation under [WIS. STAT.] ch. 32 or sue for such other relief, other than damages, as may be just and equitable." Sec. 88.87(2)(c). Sources for such relief named in the statute include the DOT or "the appropriate governmental agency." *See* §§ 88.87(2)(a), (c), & (d). The State is not named in the statute. *See* § 88.87.

¶ 9. WISCONSIN STAT. § 32.18 authorizes actions against the DOT related to damage caused by street or highway grade changes. The authority to sue the DOT is expressly given by statute following the completion of certain notice and timing requirements, after which a plaintiff "may . . . commence an action against the department of transportation . . . to recover any damages to the lands shown to have resulted from such change of grade." Sec. 32.18. The statute makes no mention of the State and does not clearly and expressly authorize suits against the State as a separate legal entity apart from the DOT. *See id.*

¶ 10. WISCONSIN STAT. § 32.10 authorizes inverse condemnation proceedings by a landowner whose prop-

erty "has been occupied by a person possessing the power of condemnation." Claims brought under this statute should be brought against the agency that condemned the property, not the State. *See Zinn v. State*, 112 Wis. 2d 417, 434, 334 N.W.2d 67 (1983).

¶ 11. Hoops does not deny that its lawsuit was brought against the State. Instead, it insists that the State is a proper party and that service on the State was appropriate as the DOT is a State agency. Hoops' argument would require this court to ignore settled law providing that the State must clearly and expressly consent to suit and that suits under the applicable statutes must be brought against the DOT instead of the State. The State was not a proper party for claims against the DOT as the two are distinct legal entities. *See Konrad*, 4 Wis. 2d at 539.[3] Further, service on the State of a summons and complaint that named the State and not the DOT as a party does not constitute service on the DOT necessary to establish personal jurisdiction over the DOT. *See Johnson v. Cintas Corp. No. 2*, 2012 WI 31, ¶ 40, 339 Wis. 2d 493, 811 N.W.2d 756.

¶ 12. We also address the issue of the negligence claim raised by Hoops in the original complaint to avoid

---

[3] Although the proposition in *Konrad v. State*, 4 Wis. 2d 532, 91 N.W.2d 203 (1958), that service on the attorney general does not constitute service on the DOT no longer remains good law, *Konrad*'s assertion that the State could not be named as a party instead of one of its agencies still controls. *See DOT v. Peterson*, 226 Wis. 2d 623, 627, 629 & n.7, 594 N.W.2d 765 (1999) (distinguishing holding affected by statutory change from *Konrad*'s holding on whether WIS. STAT. ch. 32 "empowered the State of Wisconsin, as a separate entity, to condemn property and therefore allowed it to be sued directly"); *see also Dairyland Fuels, Inc. v. State*, 2000 WI App 129, ¶ 25, 237 Wis. 2d 467, 614 N.W.2d 829 (relying on *Peterson*).

739

confusion on remand to the circuit court. In its order denying the State's motion to dismiss, the circuit court indicated that such a claim could survive under WIS. STAT. §§ 88.87 and 32.18. As we have found that none of the statutes relied upon by Hoops clearly and expressly authorize suit against the State, we also find that none of the statutes authorize negligence claims against the State. Hoops has offered no authority to show that the State has clearly and expressly consented to be sued in a tort action. *See Fiala v. Voight*, 93 Wis. 2d 337, 348, 286 N.W.2d 824 (1980).

## CONCLUSION

¶ 13. Hoops named the wrong defendant when it named the State in its complaint, amended complaint, and summons. We conclude that none of the statutes cited by Hoops include "clear and express" consent by the State to be sued for the acts of the DOT. As sovereign immunity barred the claims asserted by Hoops in its complaint and amended complaint, the circuit court did not have personal jurisdiction over the State.

*By the Court.*—Orders reversed and cause remanded.