COURT OF APPEALS
DECISION
DATED AND FILED

October 17, 2023

Samuel A. Christensen
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2022AP1655**

STATE OF WISCONSIN

Cir. Ct. No. 2021CV3301

IN COURT OF APPEALS
DISTRICT I

---

KIA HUTCHINSON,

PLAINTIFF-APPELLANT,

V.

STEREN MANAGEMENT CO., INC.,

DEFENDANT-RESPONDENT.

---

APPEAL from an order of the circuit court for Milwaukee County: DAVID C. SWANSON, Judge. *Affirmed*.

Before White, C.J., Donald, P.J., and Dugan J.

**Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1      PER CURIAM. Kia Hutchinson appeals from an order of the circuit court dismissing her complaint for a lack of personal jurisdiction over Steren Management Co., Inc.  On appeal, Hutchinson argues that the circuit court erroneously found that the service of the summons and complaint was improper and, therefore, that the court lacked personal jurisdiction.  Upon review, we affirm the circuit court's order.

## BACKGROUND

¶2      Steren owns and operates a McDonald's restaurant in Oak Creek, Wisconsin.  On June 3, 2021, Hutchinson filed a complaint against Steren, alleging negligence and a violation of WIS. STAT. § 101.11 (2021-22),[1] Wisconsin's safe place statute, as a result of a slip and fall that she sustained at the McDonald's on April 7, 2019.  On June 5, 2021, she mailed a copy of the summons and complaint to Steren's registered agent, Jeffrey Steren.[2]

¶3      Steren filed a motion to dismiss and argued that the circuit court lacked personal jurisdiction over Steren.  In particular, Steren argued that the circuit court lacked personal jurisdiction as a result of improper service, and Steren argued that the statute of limitations expired, thereby precluding Hutchinson from filing an amended complaint to cure the improper service.  In response, Hutchinson argued that "the Summons and Complaint were served upon the registered agent, the Defendant answered, the Defendant commenced

---

[1] All references to the Wisconsin Statutes are to the 2021-22 version unless otherwise noted.

[2] Hutchinson additionally contends that personal service was attempted on June 4, 2021, at 4:45 p.m.

discovery, the Defendant received voluminous personal information of the Plaintiff, [and] the Defendant fully engaged in the prosecution of this claim." Further, Hutchinson argued that "a registered agent does not need to be personally served." By contrast, Steren argued that the dispute was over the method of service, that the issue was not actual notice, that its participation in the proceedings did not waive an objection to personal jurisdiction, and it continued to maintain that the service by mail was improper for a number of reasons.

¶4    The circuit court agreed and dismissed Hutchinson's complaint.[3] Hutchinson now appeals.

## DISCUSSION

¶5    On appeal, Hutchinson argues that the circuit court erroneously found that it lacked personal jurisdiction over Steren and erroneously granted Steren's motion to dismiss. We review independently a circuit court's decision of a motion to dismiss for lack of personal jurisdiction. *See Hoops Enters., III, LLC v. Super W., Inc.*, 2013 WI App 7, ¶6, 345 Wis. 2d 733, 827 N.W.2d 120.

¶6    As a threshold matter, we note that Hutchinson failed to file a reply brief, and thus, we conclude that Hutchinson has thereby conceded the arguments that Steren raised in its response brief. *See Charolais Breeding Ranches, Ltd. v. FPC Sec. Corp.*, 90 Wis. 2d 97, 109, 279 N.W.2d 493 (Ct. App. 1979).

---

[3] We note that the transcript of the hearing at which the circuit court rendered its decision is absent from the record. We "must assume that the missing material supports the [circuit] court's ruling." *See Fiumefreddo v. McLean*, 174 Wis. 2d 10, 27, 496 N.W.2d 226 (Ct. App. 1993).

Consequently, while we need not address the arguments raised on appeal any further in light of Hutchinson's concession, we do so for the sake of completeness.

¶7      As Steren outlines in its response brief, service in Wisconsin is governed by WIS. STAT. § 801.11.[4]  Pursuant to that statute, service over a domestic corporation, such as Steren, is effective "[b]y personally serving the summons upon an officer, director or managing agent of the corporation or limited liability company."  Sec. 801.11(5)(a).  "In lieu of delivering the copy of the summons to the officer specified, the copy may be left in the office of such officer, director or managing agent with the person who is apparently in charge of the office."  *Id.*  However, "[i]f with reasonable diligence" personal service is not accomplished, "then the summons may be served upon an officer, director or managing agent of the corporation or limited liability company by publication *and* mailing."  Sec. 801.11(5)(b) (emphasis added).  Also by statute, service must be made within ninety days of the filing of the summons and complaint in order for an action to be considered commenced.  *See* WIS. STAT. § 801.02(1).

¶8      Strict compliance with the statutes governing service is required, and "[s]ervice must be made in accordance with the manner prescribed by statute." ***Johnson v. Cintas Corp. No. 2***, 2012 WI 31, ¶¶ 25, 43, 339 Wis. 2d 493, 811 N.W.2d 756 (citation omitted).  "Generally, failure to properly serve a defendant is a fundamental defect fatal to the action, regardless of prejudice, and warrants

---

[4] Hutchinson argues that WIS. STAT. § 180.0504 applies and service in this case was proper because service by mail has been sufficient in counsel's previous cases.  Steren argues that this case is governed by the service requirements found in WIS. STAT. § 801.11.  As a result of Hutchinson's failure to refute Steren's assertion, we do not address § 180.0504 further or the proposition that service by mail under that statute has been sufficient in counsel's previous cases.  However, we do note that § 180.0504(2) has a comparable "reasonable diligence" requirement before service by mail is permitted.

dismissal of the plaintiff's complaint[.]" ***Bergstrom v. Polk Cnty.***, 2011 WI App 20, ¶12, 331 Wis. 2d 678, 795 N.W.2d 482 (citations omitted).

¶9      In this case, Steren does not dispute that Hutchinson identified Jeffrey Steren as the proper individual to serve.  Rather, the dispute here focuses on the manner in which service was made by mailing a copy of the summons and complaint to Jeffrey Steren.  Steren posits that service was improper for several reasons.  First, Steren argues that it was improper because Hutchinson failed to use reasonable diligence to make personal service.  Second, Steren argues that, even if substitute service was appropriate, Hutchinson failed to comply with the substitute manner of service by failing to use certified mail and also comply with the publication requirement.

¶10      In short, based on the plain language of WIS. STAT. § 801.11(5), we agree with Steren.  Personal service of the summons and complaint was required, and if personal service could not be made, substitute service by publication and mailing is allowed, but only after reasonable diligence to make personal service.  Even assuming that personal service was attempted on June 4, 2021, at 4:45 p.m., one attempt at personal service does not satisfy the requirement to exercise reasonable diligence to make personal service before turning to a substitute method of service.  *See **Haselow v. Gauthier***, 212 Wis. 2d 580, 589, 569 N.W.2d 97 (Ct. App. 1997).  Additionally, there was no showing of publication, as required by statute.

¶11      Steren additionally argues that its participation in the proceedings did not waive its objection to personal jurisdiction, actual notice is irrelevant in this matter, and the relation back statute found in WIS. STAT. § 802.09 does not

apply such that Hutchinson can cure any defect in the commencement of this action within the statute of limitations. We again agree with Steren on all points.

¶12 The argument that participation in the proceedings waives an objection to personal jurisdiction has been raised and rejected before when the defendant preserved an objection to personal jurisdiction. *See Bergstrom*, 331 Wis. 2d 678, ¶¶34-35. Steren preserved its objection to personal jurisdiction by raising its objection in the answer that it filed, and therefore, we reject any argument that Steren's participation in the proceedings waived its objection to personal jurisdiction.

¶13 Moreover, "actual notice alone is not enough to confer jurisdiction upon the court," and "[s]ervice must be made in accordance with the manner prescribed by statute." *Johnson*, 339 Wis. 2d 493, ¶43 (citation omitted). Thus, we reject any attempt by Hutchinson to argue that actual notice is sufficient to resolve the matter at hand.

¶14 Lastly, the relation back statute does not apply to allow Hutchinson to file an amended complaint and properly serve it because "a fundamental defect cannot be remedied with an amended pleading." *Bartels v. Rural Mut. Ins. Co.*, 2004 WI App 166, ¶17, 275 Wis. 2d 730, 687 N.W.2d 84.[5] Consequently, an amended complaint cannot remedy the underlying issue in this case with service.

---

[5] Hutchison cites federal authority in support of her argument on this point. We decline to rely on federal authority given the existence of Wisconsin authority on point.

¶15    Accordingly, we conclude that the circuit court lacked personal jurisdiction over Steren as a result of improper service, and the circuit court's order granting Steren's motion to dismiss is affirmed.[6]

*By the Court.*—Order affirmed.

This opinion will not be published.    *See* WIS. STAT. RULE 809.23(1)(b)5.

---

[6] In a motion filed after the completion of the briefing in this case, Hutchinson requested that this court take judicial notice of *Flanagan v. Stumble Inn LLC*, 2023 WI App 31, 408 Wis. 2d 532, 992 N.W.2d 867. In *Flanagan*, this court addressed a technical defect in a summons. *Id.*, ¶¶1, 10. In this case, we address a fundamental defect with the summons and complaint. Thus, we conclude that *Flanagan* has no bearing on our conclusion in this case.