Toumkham RABIDEAU,
Plaintiff-Respondent,

ROYAL & SUNALLIANCE,
Involuntary-Plaintiff,

v.

Milan W. STILLER and American Family Mutual
Insurance Company, Defendants-Appellants.

Court of Appeals

*No. 2005AP2868–FT. Submitted on briefs April 12, 2006.
—Decided June 27, 2006.*

2006 WI App 155

(Also reported in 720 N.W.2d 108.)

417

419

On behalf of the defendants-appellants, the cause was submitted on the briefs of *Kenneth R. Baumgart* of *Everson, Whitney, Everson & Brehm, S.C.*, Green Bay.

On behalf of the plaintiff-respondent, the cause was submitted on the brief of *Christopher R. Hinkfuss* of *Hinkfuss, Sickel, Petitjean & Wieting*, Green Bay.

Before Cane, C.J., Hoover, P.J., and Peterson, J.

¶ 1. HOOVER, P.J.[1]    Milan Stiller and his insurer, American Family Mutual Insurance Company, appeal a non-final order denying a motion to dismiss. Stiller asserts the circuit court lacks jurisdiction because Toumkham Rabideau's complaint was filed without a signature. We conclude any defect was promptly cured and, accordingly, we affirm the order.

---

[1] This court granted leave to appeal a non-final order on January 12, 2006. This is an expedited appeal under Wis. Stat. Rule 809.17. All references to the Wisconsin Statutes are to the 2003–04 version unless otherwise stated.

## Background

¶ 2.   On May 30, 2002, Rabideau and Stiller were involved in a traffic accident, the circumstances of which are irrelevant to this appeal. On March 25, 2005, Rabideau filed a summons and complaint against Stiller. This filing was within the three-year statute of limitations. Rabideau concedes her complaint was unsigned, but it was indisputably stapled to a properly signed summons.

¶ 3.   Stiller filed his answer on May 9, 2005. It included several affirmative defenses. Paragraph fifteen alleged, in its entirety, "Plaintiff's pleadings are defective and properly dismissed."

¶ 4.   On May 11, Rabideau sent interrogatories to Stiller. Stiller responded on June 6. Only one of the questions is relevant to this appeal:

> *INTERROGATORY NO. 8:* For each such affirmative defense in your answer to the complaint, please state the following information in regard to each such defense:
>
> (a)   Each and every fact you contend forms the basis for the defense; and
>
> (b)   The name and address of each witness who has knowledge of every fact you contend supports the basis for the defense.
>
> *ANSWER:* Objection, this Interrogatory is premature . . . . Additionally, affirmative defenses alleged were done to preclude waiver. Notwithstanding . . . [t]he Summons and Complaint filed with the circuit court as well as the Complaint served upon Mr. Stiller and American Family were not signed by plaintiff's counsel and, pursuant to statute, are defective.

¶ 5.   On July 15, 2005, Stiller filed a motion to dismiss because the complaint was unsigned. The same

day, Rabideau filed an amended summons and complaint, identical to the first except that both were now signed and the complaint added two paragraphs asserting the initial omission was unintentional and that counsel had reviewed the allegations prior to commencing suit. Ultimately, the circuit court concluded counsel's failure to sign Rabideau's first complaint was a technical error that was promptly cured and denied the motion.

## Discussion

¶ 6. The motion to dismiss was treated as a motion for summary judgment, and we review summary judgments de novo. *Green Spring Farms v. Kersten,* 136 Wis. 2d 304, 315–17, 401 N.W.2d 816 (1987). The methodology is well-established and we will not repeat it here. *See, e.g., Lambrecht v. Estate of Kazmarczyk,* 2001 WI 25, ¶¶ 20–24, 241 Wis. 2d 804, 623 N.W.2d 751.

¶ 7. Stiller asserts that the failure to sign the complaint in accordance with the subscription requirements of WIS. STAT. § 802.05 constitutes a fundamental defect in the pleadings that deprives the trial court of jurisdiction. To establish whether a pleading is fatally defective, we apply a two-part test. *See Schaefer v. Riegelman,* 2002 WI 18, ¶ 14, 250 Wis. 2d 494, 639 N.W.2d 715.

¶ 8. First, we must ascertain whether there is in fact a defect in the pleadings. *Id.* Whether the subscription requirements have been met is a question of statutory interpretation we review de novo. *Id.*, ¶ 15. The party alleged to have filed the defective pleadings has the burden of showing there is no defect. *Id.*

¶ 9. Second, if there is a defect, we must deter-mine whether it is a fundamental defect or a technical defect. *Id.*, ¶ 14. Where a defect is technical, the court has personal jurisdiction only if the complainant can show the defendant was not prejudiced. *American Fam. Mut. Ins. Co. v. Royal Ins. Co. of Am.*, 167 Wis. 2d 524, 533, 481 N.W.2d 629 (1992). Where a defect is funda-mental, no personal jurisdiction attaches regardless of prejudice. *Id.* Whether a defect is technical or funda-mental is a question of law we review de novo. *Schaefer*, 250 Wis. 2d 494, ¶ 25.

¶ 10. It is undisputed that the initial complaint lacked a signature. It thus contained a defect because it failed to comport with the portion of WIS. STAT. § 802.05(1)(a) requiring: "Every pleading, motion or other paper of a party represented by an attorney shall . . . be subscribed with the handwritten signatures of at least one attorney of record in the individual's name." Having established the pleadings were defec-tive, the next step is to determine whether the defect is technical or fundamental.

¶ 11. In *Gaddis v. La Crosse Prods., Inc.*, 198 Wis. 2d 396, 542 N.W.2d 454 (1996), the summons was unsigned but was attached to a signed complaint. The supreme court noted that under WIS. STAT. § 802.05(1)(a), a party's signature constitutes certifica-tion the party is satisfied there are grounds for the action. *See Gaddis*, 198 Wis. 2d at 405. That is, the subscription requirement places a professional obliga-tion on an attorney to certify the claim is not frivolous. The court noted that the signed complaint suggested fulfillment of this obligation and relied on this observa-

tion in part to conclude the unsigned summons was merely a technical defect. *See id.*

¶ 12. In *State v. Seay*, 2002 WI App 37, ¶ 8, 250 Wis. 2d 761, 641 N.W.2d 437, two notices of appeal were unsigned. Notices of appeal are also subject to the subscription requirement. Without holding whether the defects were technical or fundamental, we noted that the missing signatures did not deprive us of appellate jurisdiction if corrected when called to the party's attention. We noted that the express language of WIS. STAT. § 802.05, as we will detail below, "suggests that a failure to sign a notice of appeal can be corrected and failure to sign does not compel the immediate dismissal of the appeal." *Seay*, 250 Wis. 2d 761, ¶ 5.

¶ 13. In *Schaefer*, both the summons and complaint were improperly subscribed. They had been signed by an attorney not licensed to practice law in Wisconsin. The supreme court expressed concern about the same professional obligation the *Gaddis* court had referenced and, after noting the summons and complaint had not been cured, ultimately stated "the failure to properly subscribe a pleading is a fundamental defect." *Schaefer*, 250 Wis. 2d 494, ¶ 37. Here, Stiller relies on that language to assert the defect here was fundamental, depriving the circuit court of jurisdiction.

¶ 14. As in *Seay*, we decline to determine whether the failure to sign the complaint here is properly considered a technical or a fundamental defect. Rather, we conclude the omission was promptly cured under WIS. STAT. § 802.05(1)(a). In addition to the subscription requirement, that statute explicitly provides a remedy for pleadings that have been improperly subscribed: "If a pleading, motion or other paper is not signed, it shall be stricken *unless it is signed promptly*

424

*after the omission is called to the attention of the pleader or the movant.*" (Emphasis added.) In other words, even if a pleading that does not conform to the subscription requirement of WIS. STAT. § 802.05(1)(a) is characterized as containing a fundamental defect that normally deprives the court of jurisdiction, that pleading is curable.

¶ 15.    This conclusion does not inherently contradict *Schaefer*. Indeed, the court there explicitly acknowledged an "allowance for corrective action." *Schaefer*, 250 Wis. 2d. 494, ¶ 37. For that reason, *Schaefer*'s holding depended in part on the fact that the improperly signed summons and complaint had not been cured. *See id.* Moreover, WIS. STAT. § 802.05 is nearly identical to Rule 11(a) of the Federal Rules of Civil Procedure. *Seay*, 250 Wis. 2d 761, ¶ 9. Accordingly, we may follow persuasive federal court decisions on this point of law. *Id.*, ¶ 8 n.4. The United States Supreme Court has said of Rule 11(a):

> The rule was formulated and should be applied as a cohesive whole. So understood, the signature requirement and the cure for an initial failure to meet the requirement go hand in hand. The remedy for a signature omission, in other words, is part and parcel of the requirement itself.

*Becker v. Montgomery*, 532 U.S. 757, 765 (2001). Thus, the failure to sign a pleading, motion, or other paper in accord with WIS. STAT. § 802.05(1)(a) does not deprive the court of jurisdiction if the omission has been properly cured under the same statute.

¶ 16.    Whether a defect is properly cured is a question of law we review de novo. *See Schaefer*, 250

Wis. 2d 494, ¶ 20. Here, the circuit court determined the omission was promptly cured by the filing of an amended summons and complaint on the same day the motion to dismiss was filed. Stiller asserts this was not prompt remedial action because, he claims, both his answer to the complaint and his answer to the interrogatories previously put Rabideau on notice of the initial defect. We disagree.

¶ 17. Stiller's answer stated merely that Rabideau's "pleadings are defective and properly dismissed." As the circuit court noted, the answer's language "is relatively vague and does not specifically call the plaintiff's attention to the defect. . . . [I]t would require the defendant examine each and every aspect of all pleadings filed and attempt to justify or explain them." As such, the answer did not adequately put Rabideau on notice of the missing signature on the complaint.

¶ 18. The answer to interrogatory number eight was also insufficient to put Rabideau on notice of an omission because the answer was misleading and, in part, simply incorrect.[2] The interrogatory answer

[2] The circuit court had also noted that even if the interrogatory answer had been sufficient to put Rabideau on notice on June 6, the cure was still prompt even if not filed until July 15. The court reasoned, in part, that litigation was in its early stages and trial was approximately a year away. Stiller disagrees, arguing "promptly" has a dictionary definition of "without delay," meaning "reactionary or quick in nature" and implying immediacy. Stiller also takes issue with the court's analysis of the case's procedural status to determine promptness.

But another dictionary definition for "prompt," from our unabridged edition rather than the college edition, is "ready and quick to act *as occasion demands*." WEBSTER'S NEW THIRD INTERNATIONAL DICTIONARY 1816 (unabr. 1993) (emphasis added).

stated the summons and complaint filed with the court were unsigned, but only the complaint was lacking a signature. Moreover, the answer went on to indicate that the affirmative defenses had been raised "to preclude waiver." To that extent, we also agree with the circuit court that such an answer may have led Rabideau to conclude the affirmative defenses were merely prophylactic and not substantive challenges to jurisdiction or the merits. Thus, not until Stiller filed the motion to dismiss on July 15, was Rabideau finally put on notice of the error. Because the correction was filed on the same day, it was prompt. Because the pleadings were cured of their signature omission, in accord with Wis. Stat. § 802.05(1)(a), there was no fundamental defect depriving the court of jurisdiction.[3]

¶ 19. Finally, Stiller challenges the amended summons and complaint, arguing they cannot relate back under Wis. Stat. § 802.09(3) to the filing date of the originals, meaning the statute of limitations has expired on Rabideau's claim. He asserts that the relation-back statute applies only to technical defects. He points

---

Stiller is correct to note that we should give consideration to the words the legislature chose. Because the legislature could have chosen "immediately" if it meant that, and because it could have even specified a time frame for remedial action, we are confident that circumstance and procedural posture of a case are factors that may be considered when determining whether a defect is cured "promptly."

[3] We therefore disagree with the circuit court's conclusion that the failure to sign the complaint was merely a technical defect. Rather, we hold that any defect—technical or fundamental—was adequately cured. Nonetheless, we may affirm the circuit court if we reach the same result, albeit with alternate reasoning. *See Doe v. GMAC*, 2001 WI App 199, ¶ 7, 247 Wis. 2d 564, 635 N.W.2d 7.

to *Bartels v. Rural Mut. Ins. Co.*, 2004 WI App 166, ¶ 17, 275 Wis. 2d 730, 687 N.W.2d 84, where we stated "a fundamental defect cannot be remedied with an amended pleading."

¶ 20.   We are not convinced *Bartels* applies so broadly. In that case, the question was whether an amended complaint could be used to add a defendant, never properly served under Wis. Stat. § 801.02, after the statute of limitations expired. We concluded the amended complaint could not cure the fundamental defect of failing to name a party, because the failure to properly serve the party initially meant the circuit court never acquired personal jurisdiction.

¶ 21.   Here, the action was properly commenced under Wis. Stat. § 801.02 and we are not faced with a question of faulty service. Despite *Bartels's* broad pronouncement, the footnote immediately following that quoted language indicates we were concerned about defects in service, not subscription. *Bartels*, 275 Wis. 2d 730, ¶ 17 n.6. Applying the relation-back statute to pleadings used to cure a subscription requirement omission is consistent with the remedial language of Wis. Stat. § 802.05(1)(a). Nothing in Wis. Stat. §§ 802.05 or 802.09 suggests otherwise.

*By the Court.*—Order affirmed.