Blaise MAHONEY and Karen Mahoney,
Plaintiffs-Respondents,

DEAN HEALTH CARE INC.,
Involuntary-Plaintiff-Respondent,

v.

MENARD INC. and Zurich American Insurance
Company, Defendants-Appellants.†

Court of Appeals

*No. 2010AP1637. Submitted on briefs June 7, 2011.
—Decided August 17, 2011.*

2011 WI App 128

(Also reported in 805 N.W.2d 728.)

† Petition for Review filed 10-12-11.

170

On behalf of the defendants-appellants, the cause was submitted on the briefs of *Jeffrey S. Fertl* and *Melissa J. Lauritch* of *Hinshaw & Culbertson LLP* of Milwaukee.

On behalf of the plaintiffs-respondents, the cause was submitted on the brief of *W. Timothy Steinle* and *Mark C. Severino* of *Terschan, Steinle & Ness* of Milwaukee.

Before Brown, C.J., Neubauer, P.J., and Brennan, J.

¶ 1. BROWN, C.J.   Menard, Inc. and Zurich American Insurance Company appeal the denial of their motion to dismiss Blaise and Karen Mahoney's complaint against them. The motion was based on the fact that the complaint served on Menards[1] was unsigned even though it was nonetheless authenticated by the clerk of courts. The complaint on file with the trial court was signed. Menards claims that despite the authentication and despite the signed complaint on file with the court, the lack of a signature on its copy is a fundamental defect that deprived the court of personal jurisdiction over it. We disagree—the filing of a signed summons and complaint with the court properly commenced this lawsuit, and the authenticated copy served on Menards gave it sufficient notice to that effect. We affirm.

¶ 2.   The facts relevant to this appeal are few. On June 27, 2008, Mahoney filed a signed summons and complaint with the circuit court of Kenosha county. Some of the copies Mahoney's attorney had authenticated by the court were not signed, and an unsigned copy was ultimately served on the defendants in July 2008. On or about April 16, 2009, counsel for Menards contacted Mahoney's counsel and informed him of a missing signature. Mahoney's counsel went to the courthouse to investigate and discovered that the complaint on file with the court was signed. After discussion with counsel for Menards, a copy of the signed and authenticated complaint on file with the court was served on Menards in May 2009. In June 2009, Menards obtained new counsel. Then, in November 2009, Me-

---

[1] We will refer to the defendants collectively as "Menards," and the plaintiffs collectively as "Mahoney" throughout this opinion.

nards' new counsel filed a motion to dismiss alleging that "the summons and complaint served on the defendants were not properly subscribed . . . rendering them defective." That motion was denied by the trial court, and we allowed this interlocutory appeal.[2]

¶ 3. WISCONSIN STAT. § 801.02 (2009–10)[3] governs the commencement of actions. It states, in pertinent part:

> [A] civil action . . . is commenced as to any defendant when a summons and a complaint naming the person as defendant are filed with the court, provided service of *an authenticated copy* of the summons and of the complaint is made upon the defendant . . . within 90 days after filing.

Sec. 801.02(1) (emphasis added). As to the summons and complaint, WIS. STAT. § 802.05(1) deals with subscription requirements:

> Every pleading, written motion, and other paper shall be signed by at least one attorney of record in the attorney's individual name . . . . An unsigned paper shall be stricken unless omission of the signature is corrected promptly after being called to the attention of the attorney or party.

It is undisputed that (1) the copy of the summons and complaint served on Menards was authenticated, (2) the original summons and complaint on file with the

---

[2] We granted Menards' petition for leave to appeal in an order dated July 30, 2010. In it, we stated that we would consider "only whether the trial court erred when it determined that service of an unsigned but authenticated copy of the summons and complaint was proper." Therefore, that is the only issue we address.

[3] All references to the Wisconsin Statutes are to the 2009–10 version unless otherwise noted.

court was signed, and (3) the copy of the summons and complaint served on Menards was not signed.

¶ 4. This case then hinges on whether the service of an unsigned but authenticated copy of a summons and complaint is a technical or fundamental defect when the original on file with the court is signed.[4] If the defect is fundamental, the court lacks personal jurisdiction to proceed; but if the defect is technical, and if the defendant was not prejudiced, the court has personal jurisdiction. *American Fam. Mut. Ins. Co. v. Royal Ins. Co. of Am.*, 167 Wis. 2d 524, 533, 481 N.W.2d 629 (1992). Mahoney cannot prevail unless we find that the defect was technical rather than fundamental.

¶ 5. Menards correctly points out that our supreme court has found fundamental defects when an unauthenticated copy of a summons and complaint was served on defendants and when an improperly subscribed complaint was filed with the court. *See id.* at 535 (failure to give the clerk an opportunity to authenticate a photocopy of complaint before service is a fundamental defect); *Schaefer v. Riegelman*, 2002 WI 18, ¶¶ 19, 25, 250 Wis. 2d 494, 639 N.W.2d 715 (improperly subscribed complaint filed with the court was a fundamental defect). We could not find, and the parties did not point us to, any case law dealing with a situation where the complaint served on defendants was authenticated, but not signed, and the complaint on file with the court was signed. So, we must determine whether the defect in this case is technical or fundamental.

---

[4] Mahoney argues that there was no defect at all, but we find that argument unpersuasive. The unsigned complaint served on Menards was defective.

¶ 6.  Whether a defect is fundamental or technical is a question of law that we review de novo, and the burden is on the party alleged to have served the defective pleading (Mahoney in this case). *See Rabideau v. Stiller*, 2006 WI App 155, ¶¶ 8–9, 295 Wis. 2d 417, 720 N.W.2d 108. "Wisconsin courts have consistently looked to the purpose of the statute when interpreting whether fundamental or technical defects exist under statutes prescribing the manner of service." *Bendimez v. Neidermire*, 222 Wis. 2d 356, 362, 588 N.W.2d 55 (Ct. App. 1998) (citations omitted). "[W]hen a pleading that contains a defect nevertheless comports with the purpose and nature of a statute, the defect is generally technical." *Schaefer*, 250 Wis. 2d 494, ¶ 29.

¶ 7.  Thus, the issue in this case is one of statutory interpretation, which "begins with the language of the statute." *See State ex rel. Kalal v. Circuit Court*, 2004 WI 58, ¶ 45, 271 Wis. 2d 633, 681 N.W.2d 110 (citation omitted). If the meaning is plain, we ordinarily stop the inquiry. *Id.* The context in which a statute appears is relevant to its plain meaning, as is prior case law interpreting the statute. *Berkos v. Shipwreck Bay Condo. Ass'n*, 2008 WI App 122, ¶ 8, 313 Wis. 2d 609, 758 N.W.2d 215.

¶ 8.  The supreme court has stated that the purpose of WIS. STAT. § 802.05 is to "place a professional obligation on the attorney as an officer of the court to satisfy himself [or herself] that there are grounds for the action." *Schaefer*, 250 Wis. 2d 494, ¶ 29 (citations omitted). Likewise, § 802.05(2) states:

> By presenting *to the court* . . . a pleading . . . an attorney . . . is certifying that to the best of the person's knowledge, information, and belief . . . all of the following:

175

    (a)    The paper is not being presented for any improper purpose . . . .

    (b)    The claims, defenses, and other legal contentions stated in the paper are warranted by existing law . . . .

    (c)    The allegations . . . have evidentiary support . . . .

(Emphasis added.) So, the emphasis of the § 802.05(1) requirements seems to be on the pleading that is filed with the court, rather than a copy that is served on a party.

¶ 9. The supreme court's holding in *Gaddis v. LaCrosse Prods., Inc.*, 198 Wis. 2d 396, 542 N.W.2d 454 (1996), is instructive. In *Gaddis*, the supreme court found a technical defect when an unsigned summons was filed with the court and served on the defendant with a signed complaint. *Id.* at 399. The *Gaddis* court emphasized that when the complaint was signed, the purpose of Wis. Stat. § 802.05 was fulfilled even without a signed summons on file with the court. *Gaddis*, 198 Wis. 2d at 399, 405. The case is significant because it shows the court's willingness to apply the technical defect analysis to some cases where the letter of § 802.05 may have been violated, but its purpose is fulfilled.[5] In this case, as in *Gaddis*, § 802.05's purpose

---

[5] We acknowledge that in *Schaefer v. Riegelman*, 2002 WI 18, ¶ 33, 250 Wis. 2d 494, 639 N.W.2d 715, the supreme court reaffirmed the importance of the subscription requirement, stating that "[t]o hold that a failure to meet the subscription requirement is merely technical jeopardizes judicial economy, erodes attorney accountability, and lessens the essential protection that the subscription requirement affords to defendants." However, it also cited to the holding in *Gaddis v. LaCrosse Prods., Inc.*, 198 Wis. 2d 396, 542 N.W.2d 454 (1996), with approval, thus acknowledging that not every arguable violation

of placing an obligation on the attorney as an officer of the court was fulfilled when Mahoney filed a signed complaint with the court.

¶ 10.   WISCONSIN STAT. § 801.02 requires that the summons and complaint served on defendants be authenticated, but says nothing about whether a signature is a condition of proper authentication. Despite the statute's silence, Menards essentially argues that its copy must be an exact copy in order for the authentication to be valid. This argument requires us to examine the supreme court's holdings regarding authentication.

¶ 11.   From reading the case law of our supreme court, the *American Family* court explained that the purpose of authentication is two-fold:   first, to give assurance by the clerk that copies served are true copies of filed documents and, second, to provide the case number for future reference. *American Family*, 167 Wis. 2d at 530. At first blush, one could read the case to stand for the proposition Menards aspires to—that the copy must be an exact replica of the original for authentication to be any good. But *American Family* goes on to distinguish between cases where there is a technical defect based on a clerk's clerical error, such as failing to stamp a complaint with the proper case number, and cases where there is a fundamental defect based on the complainant serving a copy of the complaint that is not authenticated (i.e. not presenting the clerk with the opportunity to authenticate the document). *Id.* at 533–34. So we cannot interpret it to say that every failure to meet the stated purpose of authentication constitutes a fundamental defect. We think

of WIS. STAT. § 802.05 constitutes a "failure to meet the subscription requirement." *See Schaefer*, 250 Wis. 2d 494, ¶¶ 27, 33.

177

*Mech v. Borowski*, 116 Wis. 2d 683, 686–87, 342 N.W.2d 759 (Ct. App. 1983), distills the essence of the Wɪs. Sᴛᴀᴛ. § 801.02(1) authentication requirement—authentication tells a defendant first and foremost that a complaint is on file with the court, so the lawsuit is real. *See id.* (service of complaint before filing with the court was a fundamental defect in part because failure to file the lawsuit with the court first could lead to lawsuits that are not a matter of public record, which § 801.02(4) was meant to abolish).

██

¶ 12.  Obviously, the copy of the summons and complaint received by Menards was not identical to the one filed in that it was missing signatures, so the clerk erred by authenticating the unsigned copy, and the attorney erred by failing to sign it. However, Menards has not alleged that its copy differed in any substantive way from the original. So, it is obvious to us that the copy of the summons and complaint Menards received gave it notice that the allegations contained within it were on file with the court. As we already explained, the purpose of the signature requirement was fulfilled in the signed complaint on file with the court. We cannot see how the purpose of the authentication requirement in Wɪs. Sᴛᴀᴛ. § 801.02 was unfulfilled based on the missing signature alone. So, yes, there was a defect. But it was a technical defect, not a fundamental one. Mahoney asserts that the defect was not prejudicial, and Menards does not dispute that assertion, so we need go no further. *See Mervosh v. LIRC*, 2010 WI App 36, ¶ 10, 324 Wis. 2d 134, 781 N.W.2d 236 (arguments not refuted are deemed admitted).

*By the Court.*—Order affirmed.