**2023 WI App 31**

# COURT OF APPEALS OF WISCONSIN
## PUBLISHED OPINION

Case No.:　　　2022AP584

Complete Title of Case:


BRENDT D. FLANAGAN,

　　PLAINTIFF-APPELLANT,

　V.

STUMBLE INN LLC, RONALD C. MENTEK,

BONNIE J. MENTEK AND

SOCIETY INSURANCE A MUTUAL COMPANY,

　　DEFENDANTS-RESPONDENTS.


| | |
|---|---|
| Opinion Filed: | May 3, 2023 |
| Submitted on Briefs: | February 3, 2023 |
| Oral Argument: | |

| | |
|---|---|
| JUDGES: | Gundrum, P.J., Grogan and Lazar, JJ. |
| Concurred: | |
| Dissented: | |

| | |
|---|---|
| Appellant<br>ATTORNEYS: | On behalf of the plaintiff-appellant, the cause was submitted on the briefs of *Monte E. Weiss* of *Weiss Law Office, S.C.*, Mequon, and *Osman A. Mirza* of *OS Mirza Law, LLC*, Milwaukee. |
| Respondent<br>ATTORNEYS: | On behalf of the defendants-respondents, the cause was submitted on the brief of *Jeffrey Leavell* of *Jeffrey Leavell, S.C.*, Racine. |

# COURT OF APPEALS
## DECISION
## DATED AND FILED

### May 3, 2023

Sheila T. Reiff
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No.     **2022AP584**

**STATE OF WISCONSIN**

Cir. Ct. No.  2021CV565

**IN COURT OF APPEALS**

---

BRENDT D. FLANAGAN,

    PLAINTIFF-APPELLANT,

  V.

STUMBLE INN LLC, RONALD C. MENTEK, BONNIE J. MENTEK AND SOCIETY INSURANCE A MUTUAL COMPANY,

    DEFENDANTS-RESPONDENTS.

---

APPEAL from a judgment and an order of the circuit court for Kenosha County:  CHAD G. KERKMAN, Judge.  *Reversed and remanded for further proceedings*.

Before Gundrum, P.J., Grogan and Lazar, JJ.

¶1     GUNDRUM, P.J.  Brendt D. Flanagan contends the circuit court erred in granting summary judgment to Stumble Inn LLC, Ronald C. Mentek,

Bonnie J. Mentek, and Society Insurance A Mutual Company (collectively, Respondents) on the basis that the court lacked personal jurisdiction over Respondents because the summons incorrectly indicated that their answers were due in twenty days, as opposed to forty-five.[1] Flanagan does not dispute that the summons incorrectly indicated the number of days Respondents had to answer[2]; he insists, however, the error did not deprive the circuit court of personal jurisdiction because it was a mere technical defect. We agree with Flanagan and reverse and remand for further proceedings.

## *Background*

¶2      Flanagan filed suit on June 30, 2021, alleging he was physically injured during a violent altercation at the Stumble Inn. Respondents timely filed an answer eighteen days after service of the summons and complaint, which answer included an affirmative defense asserting the circuit court lacked personal jurisdiction over Respondents due to a defective summons. Respondents subsequently moved for summary judgment on this basis, and the court granted the motion. Flanagan appeals.

## *Discussion*

¶3      The parties in this case agree there was a defect in the summons but disagree as to whether the defect affects personal jurisdiction. When personal

---

[1]  He also appeals from an order of the circuit court denying his motion for reconsideration. Neither party addresses that order, and thus, we discuss it no further.

[2] Flanagan states in his brief-in-chief that the summons "contained an error"—"the incorrect time to answer deadline"—because it identified the deadline as twenty days instead of forty-five days. While we refer in this decision to the twenty-day deadline in the summons as an "error" and a "defect," because the parties agree the twenty-day deadline was a defect/error and thus do not develop arguments on this point, we assume without deciding that the twenty-day deadline is a defect/error.

jurisdiction is challenged based upon a defect in the summons, "we must determine whether it is a fundamental defect or a technical defect." *Rabideau v. Stiller*, 2006 WI App 155, ¶9, 295 Wis. 2d 417, 720 N.W.2d 108. "Where a defect is technical, the court has personal jurisdiction only if the complainant can show the defendant was not prejudiced. Where a defect is fundamental, no personal jurisdiction attaches regardless of prejudice." *Id.* (citation omitted). "Whether a defect is technical or fundamental is a question of law we review de novo." *Id.*

¶4 We also review de novo the circuit court's grant of summary judgment. *Paskiewicz v. American Fam. Mut. Ins. Co.*, 2013 WI App 92, ¶4, 349 Wis. 2d 515, 834 N.W.2d 866. "Summary judgment is properly granted if there is no genuine issue of material fact in dispute and the moving party is entitled to judgment as a matter of law." *American Fam. Mut. Ins. Co. v. American Girl, Inc.*, 2004 WI 2, ¶22, 268 Wis. 2d 16, 673 N.W.2d 65.

¶5 In *Canadian Pacific Ltd. v. Omark-Prentice Hydraulics, Inc.*, 86 Wis. 2d 369, 272 N.W.2d 407 (Ct. App. 1978), we considered the question of "whether the omission in the summons of [the statutorily-required] statement that the answer must be served within twenty days after the date of service of the summons and complaint deprives the [circuit] court of [personal] jurisdiction." *Id.* at 371. Noting that "the purpose of a summons … is to give notice to the defendant that an action has been commenced against him," we held that the error was a mere technical defect and absent any prejudice to the defendant, did not deprive the circuit court of personal jurisdiction. *Id.* at 373-74. *Canadian Pacific* carries much weight for the case now before us as the facts agreed to by the parties here are that Flanagan included in the summons notice of the wrong time period for defendants to answer—twenty days instead of forty-five.

¶6    Respondents put all their eggs into the basket of contending *Canadian Pacific* is no longer good law because in *American Family Mutual Insurance Co. v. Royal Insurance Co.*, 167 Wis. 2d 524, 533, 481 N.W.2d 629 (1992), our state supreme court formulated a technical/fundamental defect test that was different than the analysis used by the *Canadian Pacific* court.  Respondents' eggs all get cracked right out of the gate as the *American Family* court did nothing to undermine the actual holding of *Canadian Pacific* that the defect in that case was merely a technical defect that did not prejudice the defendant.  Furthermore, a review of subsequent case law reinforces that the relevant holding of *Canadian Pacific* is still good law.

¶7    In *Dungan v. County of Pierce*, 170 Wis. 2d 89, 486 N.W.2d 579 (Ct. App. 1992), for example, decided *after American Family*, we stated:

> [C]ases allowing for nonprejudicial technical defects involved errors in content and form governed by [WIS. STAT. §§] 801.09 and 801.095 … and errors committed by someone other than the plaintiff.  Errors in content and form of the summons and complaint are consistently held to be technical defects that do not automatically deprive the court of jurisdiction.  In *Canadian Pac[ific]* …, the court determined a summons failing to direct the defendant to answer within twenty days was a technical defect that did not prejudice the defendant.

*Dungan*, 170 Wis. 2d at 96 (citations omitted).

¶8    In *Gaddis v. La Crosse Products, Inc.*, 198 Wis. 2d 396, 542 N.W.2d 454 (1996), our supreme court considered "whether Gaddis' failure to sign a summons that was served with a signed complaint constitutes a fundamental defect depriving the circuit court of personal jurisdiction over La Crosse Products."  *Id.* at 399.  Addressing this issue, the court referred approvingly to our decision in *Canadian Pacific*, stating:

> [T]he *American Family* court … recognized that Wisconsin courts have allowed for nonprejudicial technical errors where the defect relates to the content or form of the summons. For example, in *Canadian Pac[ific]* …, the plaintiff's summons omitted the direction that the defendant must answer the complaint within 20 days as required by WIS. STAT. § 801.09(2)(a). Upon finding that the defendant was not prejudiced by the omission, the court of appeals concluded that the defect was not jurisdictional.

*Gaddis*, 198 Wis. 2d at 403 (citation omitted).[3] Critical to the case now before us, the court further stated: "We conclude that the failure to personally sign a summons, like the omission of the 20-day answer notice in *Canadian Pacific* …, constitutes a technical defect, provided that the summons is served with a signed complaint." *Gaddis*, 198 Wis. 2d at 407. Thus, even if *American Family* had raised question as to the continued validity of our holding in *Canadian Pacific*, by including in *Gaddis* the phrase "like the omission of the 20-day answer notice in *Canadian Pacific*," our supreme court made an affirmative, post-*American Family* statement that "the omission of the 20-day answer notice in *Canadian Pacific* … constitute[d] a technical defect." *See Gaddis*, 198 Wis. 2d at 407. This holding of *Canadian Pacific* is still good law and, along with our supreme court's statement in *Gaddis*, binding.

¶9 Importantly, Respondents make no effort to argue that there is any meaningful difference between omitting the deadline-to-answer notice altogether,

---

[3] Similar to our *Canadian Pacific Ltd. v. Omark-Prentice Hydraulics, Inc.*, 86 Wis. 2d 369, 272 N.W.2d 407 (Ct. App. 1978), statement as to the purpose of a summons, the *Gaddis v. La Crosse Products, Inc.*, 198 Wis. 2d 396, 542 N.W.2d 454 (1996), court also stated: "In contrast to the complaint, the summons is a form document which merely serves to give notice to the defendant that an action has been commenced against him or her." *Gaddis*, 198 Wis. 2d at 405 (citing *American Family Mutual Insurance Co. v. Royal Insurance Co.*, 167 Wis. 2d 524, 530, 481 N.W.2d 629 (1992)). The court later indicated again that a summons has no "greater significance … beyond mere notice." *Gaddis*, 198 Wis. 2d at 406.

as in *Canadian Pacific*, and referencing an incorrect deadline, twenty days instead of forty-five, as in this case,[4] and we cannot readily discern a meaningful difference under the facts of this case. As a result, we conclude that the summons error here, like the summons error in *Canadian Pacific*, is a mere technical defect and, absent prejudice to the Respondents, will not result in a dismissal on the basis of a lack of personal jurisdiction. *See Canadian Pacific*, 86 Wis. 2d at 373-74.

¶10 Flanagan contends in his brief-in-chief on appeal that Respondents were not prejudiced by the summons error in this case. Specifically, he points out that Respondents "answered within the 20 days specified in the summons" and "knew that the use of the 20-days clause was erroneous as they not only specifically raised an affirmative defense that the summons was defective, but they also brought a motion for summary judgement based on the error." In their response brief, Respondents make no attempt to argue they were prejudiced by the error, effectively conceding Flanagan's contention that they were not prejudiced. *See Schlieper v. DNR*, 188 Wis. 2d 318, 322, 525 N.W.2d 99 (Ct. App. 1994). Flanagan persuades us that Respondents suffered no prejudice due to the technical defect in the summons.

¶11 Because we conclude the summons defect in this case was a mere technical one and Flanagan has demonstrated that Respondents suffered no prejudice because of it, we reverse and remand for further proceedings.

---

[4] Respondents state: "Notably in *Canadian Pacific*, the summons there simply omitted the answer time. By contrast here, the summons misinformed the Respondents as to the proper answer time, stating the wrong period contrary to [WIS. STAT. §] 801.09." That is it; Respondents make no greater effort to contend there is a meaningful difference between the summons defect in *Canadian Pacific* and the one in this case. Respondents' absence of an argument fails to persuade.

*By the Court.*—Judgment and order reversed and remanded for further proceedings.