COURT OF APPEALS
DECISION
DATED AND FILED

November 27, 2024

Samuel A. Christensen
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No.   **2024AP616**

STATE OF WISCONSIN

Cir. Ct. No.  **2024CV337**

IN COURT OF APPEALS
DISTRICT IV

---

AMANDA CRAVEN,

PLAINTIFF-APPELLANT,

V.

JEK PROPERTY MANAGEMENT LLC,

DEFENDANT-RESPONDENT.

---

APPEAL from an order of the circuit court for Dane County: FRANK D. REMINGTON, Judge. *Affirmed*.

Before Blanchard, Graham, and Taylor, JJ.

**Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1    PER CURIAM. Amanda Craven, pro se, appeals a circuit court order dismissing her civil complaint against JEK Property Management LLC ("the

LLC").[1]  The court dismissed the action, in part, on the ground that there were fundamental defects in the summons that Craven apparently caused to be served on the LLC, which deprived the court of jurisdiction over this action, regardless of whether the LLC could show any prejudice resulting from the defects.  We conclude that the court properly dismissed the action because, after the LLC challenged the court's jurisdiction, Craven failed to show that she caused service on the LCC of a copy of a summons that both was authenticated and included a substantial amount of information required by statute.  Accordingly we affirm.

## BACKGROUND

¶2      On February 5, 2024, Craven filed in Dane County Circuit Court a signed, one-page document entitled "Official Summons for Civil Suit" (we will call this Summons One) and a signed three-page complaint naming the LLC as the defendant.  The nature of the complaint and its claims are not pertinent to any issue in this appeal.  The case was assigned circuit court case number 24CV337, and the deputy clerk of court stamped that number on the copies of Summons One and the complaint that appear in the record on appeal.

---

[1] The LLC's brief does not comply with WIS. STAT. RULE 809.19(8)(bm) (2021-22), which addresses the pagination of appellate briefs now that they are electronically filed in PDF format and electronically stamped with page numbers when they are accepted for efiling. *See* RULE 809.19(8)(bm) (when paginating briefs, parties should use "Arabic numerals with sequential numbering starting at '1' on the cover").  The pagination requirements ensure that the numbers on each page of a brief "will match ... the page header applied by the eFiling system, avoiding the confusion of having two different page numbers" on each page of a brief.  Supreme Court Note, 2021, WIS. STAT. RULE 809.19.

All references to the Wisconsin Statutes are to the 2021-22 version.  We cite Wisconsin appellate court decisions addressing civil procedure statutes dating from several recent decades, but neither side has called our attention to changes in the relevant statutes that could matter to our analysis, and we are aware of none.

¶3 On February 20, 2024, also in case 24CV337, Craven filed in the circuit court a one-page document, also entitled "Official Summons for Civil Suit" (we will call this Summons Two). But, unlike Summons One, the copy of Summons Two that appears in the record on appeal was not signed by Craven. Further, Summons Two does not bear an authentication stamp by the clerk of court stating the case number of the action, though it was drafted to include a caption that contains the correct case number.

¶4 On March 8, 2024, the LLC filed a motion to dismiss the complaint pursuant to WIS. STAT. § 802.06(2)(a)4., which identifies "[i]nsufficiency of summons or process" as potential grounds for a motion to dismiss. The LLC asserted that the LLC had been served by a sheriff's deputy with unsigned versions of the Summons Two and the complaint, and it based its motion on multiple alleged defects in Summons Two and in service. Most pertinent to the basis of this decision, the LLC argued in part that neither the served copy of Summons Two nor the complaint, which it averred were attached to the motion to dismiss, had been authenticated by the clerk of the circuit court, contrary to WIS. STAT. § 801.02(1).[2]

---

[2] WISCONSIN STAT. § 801.02(1) provides in its entirety:

> A civil action in which a personal judgment is sought is commenced as to any defendant when a summons and a complaint naming the person as defendant are filed with the court, provided service *of an authenticated copy of the summons and of the complaint* is made upon the defendant under this chapter within 90 days after filing.

(Emphasis added.)

(continued)

¶5 On March 27, 2024, the circuit court held a hearing on the LLC's motion to dismiss. Craven appeared by videoconference, and the LLC was represented in court by counsel, who made a special appearance to contest jurisdiction. Details of the hearing are summarized in the discussion below.[3]

¶6 As memorialized in a follow-up written order, at the hearing the circuit court granted the motion to dismiss on the ground that the court lacked personal jurisdiction over the LLC because the action was not properly commenced due to multiple defects in the summons and process. Craven appeals.

---

The LLC also asserted the following in its motion to dismiss: neither Summons Two nor the complaint served on the LLC had been signed by Craven, contrary to WIS. STAT. § 802.05(1); Summons Two stated that it was dated February 16, 2024, even though the case was initiated with a filing on February 5, 2024; and the complaint did not contain an electronic mail address, also contrary to § 802.05(1).

[3] We now address one unusual set of documents in the record on appeal and explain why, in Craven's favor, we rely on the documents despite their late submission to the circuit court. After Craven filed her notice of appeal, but before the record was transmitted to this court, Craven filed in the circuit court seven pages, consisting of an affidavit and various attached documents, with the first page entitled, "Affidavit to [S]upplement Court Record." We call this "the late submission." The record on appeal does not reflect that any action was taken by the circuit court regarding the late submission. For example, the court did not construe it to be a motion for reconsideration. Indeed, no separate motion for reconsideration was filed at any time. The late submission was not part of the circuit court record at the time the court heard arguments and granted LLC's motion to dismiss, although the transcript of the March 27 hearing suggests that the late submission contains one or more documents that were referenced during the course of the hearing.

On appeal, both Craven and the LLC cite to the late submission, but neither comments on the fact that it was not filed with the circuit court or provided to the LLC at or before the hearing at which the court granted the LLC's motion to dismiss. Under these circumstances, we deem the LLC to have forfeited any objection to our referring to the contents of the late submission in our discussion.

**DISCUSSION**

¶7      We affirm the circuit court's order because Craven, at a minimum, failed to prove to the circuit court that she caused service on the LCC of a copy of a summons that both was authenticated and contained a substantial amount of the information required by statute to be included in a summons. Whether or not each set of defects was in itself fatal to jurisdiction, considered cumulatively, all of the defects created a fundamental defect in Summons Two that deprived the court of jurisdiction.

¶8      Our review as to whether the circuit court had jurisdiction depends on the interpretation and application of statutes and therefore presents issues of law that we consider de novo. *See Richards v. First Union Sec., Inc.*, 2006 WI 55, ¶12, 290 Wis. 2d 620, 714 N.W.2d 913. A circuit court's findings of fact are reviewed to determine whether such findings are contrary to the great weight and clear preponderance of the evidence. *Id.*

¶9      We now summarize relevant events from the March 27, 2024 hearing on the LLC's motion to dismiss, and then we explain why we affirm the circuit court's dismissal of the action.

¶10      At the beginning of the hearing, Craven said that on February 13, 2024, she had "re-filed an amended summons" with "all the noted defects fixed." The circuit court patiently expressed confusion about what Craven meant by that statement, and more generally the court sought to understand how proper service of adequate documents had purportedly been accomplished. The record reflects good reason for the court's confusion about Craven's statement. First, the record on appeal does not reflect that Craven filed any documents in the circuit court in this case on February 13, 2024. Second, the LLC did not file its motion to dismiss

until March 8, 2024, and therefore Craven's purported filing of an "amended summons" (presumably, Summons Two) on February 13 could not have been in response to allegations in the motion. Third, Craven did not at any point during the hearing direct the court's attention to proof that she had effectuated proper service with adequate documents on February 13 or any other date.

¶11 The court asked Craven if she was referring to her filing of Summons Two in the circuit court on February 20, 2024. Craven responded, "I believe so." However, Craven went on to imply once more that, after receiving the LLC's motion to dismiss, she "amended the summons and re-filed it" in ways that she suggested resolved all issues raised in the motion to dismiss, although she did not specify ways in which she had corrected the defects noted in the motion to dismiss.

¶12 Craven called the court's attention to a copy of Summons Two and said, "It says it was received March 14th and filed on the 20th." The circuit court made a series of inquiries that did not produce clear answers from Craven. Based on documents included in the record on appeal, it appears that Craven was referring to one document that she had in her possession at the time of the hearing but had not filed with the circuit court. Specifically, the documents in the record suggest that on March 20, 2024, a sheriff's deputy served on the LLC an un-authenticated copy of Summons Two (which bore a stamp reflecting filing in the circuit court on February 20) and an authenticated copy of the complaint (which bore an authentication, with a case number, dated February 5).[4] However, the

---

[4] Based on our review of a copy of Summons Two in the record on appeal, which is presumably the same document that Craven was referring to during the March 27 hearing, it appears that all of the following occurred before the hearing. After filing Summons One and the complaint on February 5, 2024, Craven filed Summons Two as a submission in this action on

(continued)

sheriff's deputy's affidavit of service regarding the March 20 service of Summons Two and the complaint was not filed with the circuit court until May 9—well over one month after the March 27 hearing.

¶13    Further dialog between the circuit court and Craven at the hearing did not resolve the issues raised by the LLC in its motion to dismiss. The court directed Craven's attention to WIS. STAT. § 801.095, which provides that the summons which is required in order to commence an action "shall be substantially in one" of four models that are reproduced in the statute. *See* § 801.095(1)-(4); *see also* WIS. STAT. § 801.09 (describing required contents of summons). The court in particular highlighted § 801.095(1), which applies when the plaintiff seeks to effectuate personal service and the complaint is attached to the summons. The court noted that, with the exception of naming the parties and stating that Craven had begun a suit against the LLC, neither Summons One nor Summons Two included any of the following required language from § 801.095(1):

> THE STATE OF WISCONSIN, To each person named above as a Defendant:
>
> You are hereby notified that the Plaintiff named above has filed a lawsuit or other legal action against you. The complaint, which is attached, states the nature and basis of the legal action.

---

February 20, 2024. This document was not authenticated by the clerk of courts; that is, the clerk did not "plac[e]" on this document "a filing stamp indicating the case number." *See* WIS. STAT. § 801.09(4) (explaining authentication). Then, on March 13, 2024, five days after the LLC filed its motion to dismiss, Craven obtained from the clerk a certified copy of Summons Two; that is, the clerk attested, on the face of Summons Two that was produced to Craven on her request, that Summons Two was a full, true, and correct copy of the original document in the court file. The next day, March 14, Summons Two was stamped "received" by the Dane County Sheriff's Office. Then, as stated in the text, on March 20, the deputy served the LLC with a copy of the complaint that was authenticated and a copy of the unsigned Summons Two, which was not authenticated. Thus, if Summons Two was served on the LLC as it now appears in the record, it would not have been an authenticated copy, among its other deficiencies.

> Within (20)(45) days of receiving this summons, you must respond with a written answer, as that term is used in chapter 802 of the Wisconsin Statutes, to the complaint. The court may reject or disregard an answer that does not follow the requirements of the statutes. The answer must be sent or delivered to the court, whose address is ...., and to ...., Plaintiff's attorney, whose address is .... You may have an attorney help or represent you.
>
> If you do not provide a proper answer within (20)(45) days, the court may grant judgment against you for the award of money or other legal action requested in the complaint, and you may lose your right to object to anything that is or may be incorrect in the complaint. A judgment may be enforced as provided by law. A judgment awarding money may become a lien against any real estate you own now or in the future, and may also be enforced by garnishment or seizure of property.

As a result, the court explained, the contents of Summons Two did not substantially conform to the required language in § 801.095(1). More specifically, the court noted that Summons Two lacked the following required assertions: that a judgment resulting from the complaint may be enforced as provided by law; that a judgment awarding money may become a lien against any real estate that the defendant owns now or in the future and that the judgment may also be enforced by garnishment or seizure of property; the consequences of a failure to answer; and an address or addresses for Craven or an attorney on her behalf (to be used for service by the LLC).

¶14 The circuit court also noted, as additional deficiencies, Craven's failure to prove that she had caused an authenticated summons and an authenticated complaint to be served on the LLC.

¶15 The circuit court explained its conclusion in granting the motion to dismiss:

> These are not scrivener's errors. These are not benign problems. These are defects which deprive this Court of

competence to proceed and the jurisdiction to continue this action.

¶16 Craven asked why the circuit court would not give her until May 5—which would have been 90 days after she filed in the circuit court Summons One and the complaint—"to provide proper service pursuant to" WIS. STAT. § 801.02(1). The circuit court responded that counsel for the LLC had filed a proper and "reasonable" motion to dismiss, which was "supported by the law." When a defendant files a supported motion to dismiss on a ground of this type, the court further explained, a court is obligated "to say yes or no," and the court cannot tell the parties, "let's just continue the motion, even though [the court lacks] jurisdiction," in order to determine whether the plaintiff "can fix it." The court said that this would not be fair to a defendant who has established that "problems require [the] case to be dismissed."

¶17 We now discuss pertinent legal standards. These standards include one that, as the circuit court summarized at the hearing, the contents of a summons "shall be substantially in one" of four models, which include the model provided in WIS. STAT. § 801.095(1).

¶18 Stepping back, service of a summons is required in order to give notice to the defendant that an action has been commenced against the defendant. *American Family Mut. Ins. Co. v. Royal Ins. Co. of America*, 167 Wis. 2d 524, 530, 481 N.W.2d 629 (1992). If the summons is properly filed and authenticated, the court obtains jurisdiction over the defendant's person. *Id.* Service of authenticated copies is necessary in order "to provide assurance to those served with the summons that the copies served are true copies of documents filed with the court, and to provide a case number for future proceedings in the matter."

*Burnett v. Hill*, 207 Wis. 2d 110, 123, 557 N.W.2d 800 (1997) (citing *American Family*, 167 Wis. 2d at 530).

¶19    The plaintiff bears the burden to show that a defect or error in the summons is not fundamental, and is instead merely technical.  *American Family*, 167 Wis. 2d at 533.  If the plaintiff does not meet this burden of showing that a defect is not fundamental, then the defect is fatal to the court's jurisdiction.  *Id.* at 533-34.  In that situation, the court lacks personal jurisdiction over the defendant and dismissal of the summons and complaint is required, regardless of prejudice or lack of prejudice to the defendant.  *See id.*; WIS. STAT. §§ 801.04(2) (requiring personal jurisdiction to be established), 802.06(2)(a)3.-4. (providing that defendant may move for dismissal based on lack of jurisdiction over the person or property or based on insufficiency of summons or process).  In contrast, if the plaintiff can show that the defect or error is merely technical, the court has jurisdiction so long as the plaintiff can show that the defendant was not prejudiced.  *See American Family*, 167 Wis. 2d at 533-34; *see also Flanagan v. Stumble Inn LLC*, 2023 WI App 31, 408 Wis. 2d 532, 992 N.W.2d 867 (summons erroneously stated that the defendants had 20 days, as opposed to 45, to answer complaint, which was a "technical defect" and therefore, unless there was prejudice to the defendants, the defect did not warrant dismissal based on a lack of personal jurisdiction).

¶20    One fundamental defect or error in the steps necessary to initiate an action is the failure to serve the defendant with authenticated copies of the summons and the complaint. *American Family*, 167 Wis. 2d at 535; *see also* WIS. STAT. § 801.02(1) (requiring in pertinent part "service of an authenticated copy of the summons and of the complaint" "within 90 days after filing"); § 801.02(3) (except in circumstances not present here, "authenticated copies" of the summons and complaint "shall be served together").  Although strict compliance with

§ 801.02 is not always required, the purpose of the statute must be fulfilled to avoid a fundamental error. *See Burnett*, 207 Wis. 2d at 124-25 (citing *Gaddis v. LaCrosse Prods., Inc.*, 198 Wis. 2d 396, 405, 542 N.W.2d 454 (1996)).

¶21 Our supreme court has observed that "Wisconsin courts have consistently held that procedural errors involving [WIS. STAT.] § 801.02 are fundamental defects that deprive the circuit court of personal jurisdiction." *Gaddis*, 198 Wis. 2d at 402. In resolving the issue presented in *American Family*, the court stated:

> [T]he complainant failed to give the clerk the opportunity to authenticate the photocopy of the authenticated Summons and Complaint. Complainant thereby failed to meet the burden under [§ 801.02(1)]. Such failure is fundamental. Because complainant's failure was fundamental, the circuit court never acquired personal jurisdiction over [the defendant].

*American Family*, 167 Wis. 2d at 535; *see also Dungan v. County of Pierce*, 170 Wis. 2d 89, 95, 486 N.W.2d 579 (Ct. App. 1992) (Wisconsin opinions "requiring strict statutory compliance involved application of the procedural requirements of [§ 801.02]; procedural errors are consistently held to be fundamental defects depriving the court of jurisdiction.").

¶22 Based on these legal standards, we conclude that it is dispositive that Craven failed to demonstrate to the circuit court that she caused service on the LCC of a copy of a summons that was authenticated and that was not missing large amounts of information required to be included in a summons. That is, applying the reasoning in *American Family*, the apparent service here of a summons that was not authenticated and that failed to substantially conform to the pertinent statutory language fell short of fulfilling the statutory purposes of (1) assuring the LLC that the copies served on it were true copies of documents

filed with the court and (2) informing the LLC, as required by pertinent civil procedure statutes, of any of the following: that a judgment resulting from the complaint may be enforced as provided by law; that a judgment awarding money may become a lien against any real estate that the defendant owns now or in the future and that the judgment may also be enforced by garnishment or seizure of property; the consequences of a failure to answer; and an address or addresses for Craven or an attorney on her behalf. *See American Family*, 167 Wis. 2d at 534-35.

¶23 It is true that merely isolated errors that relate only to the "'content and form of the summons'" under WIS. STAT. §§ 801.09 and 801.095 have been "'consistently'" treated as technical. *See Flanagan*, 408 Wis. 2d 532, ¶7 (quoted source omitted). Here, however, the omitted content of the summons, including the lack of authentication, resulted in the fundamental defectiveness of the summons.

¶24 We have difficulty discerning some of Craven's positions on appeal. But the following are our best understandings of her positions on the service-of-a-proper-summons issue, along with our reasons for rejecting them.[5]

¶25 Craven refers to "the corrected service," by which she apparently means service that includes Summons Two. She argues that, if she failed to effectuate proper service, the defects were merely technical. But as summarized

---

[5] Any argument that is intended by Craven, but which we do not address, is not sufficiently developed. This court need not consider arguments that are unsupported by adequate factual and legal citations or are otherwise undeveloped. *See Dieck v. Unified Sch. Dist. of Antigo*, 157 Wis. 2d 134, 148 n.9, 458 N.W.2d 565 (Ct. App. 1990) (unsupported factual assertions); *State v. Pettit*, 171 Wis. 2d 627, 646, 492 N.W.2d 633 (Ct. App. 1992) (undeveloped legal arguments).

above, Summons Two was fundamentally defective in multiple respects. The LLC was apparently served with a "summons" (not denominated as an amended or second summons) that was stamped as being filed as a court document on a different day from the day on which the complaint was filed, that lacked authentication, and that was missing many items of information required by statute to be included in a summons. The combination of the different filing date (raising ambiguity about its relationship to the complaint), the lack of authentication, and other defects caused this document to fall short of an adequate summons.

¶26    There was evidence that, as noted above, Summons Two bore the correct case number, as reflected in the caption of the case created by Craven, and that it was accompanied by an authenticated complaint. For these reasons, a recipient in the position of the LLC might have been able to guess that it was an amended or second summons that had been filed in the circuit court after the complaint was filed in the same court case. But that possibility is not enough to prevent a fundamental defect, even if we assume without deciding that we may distinguish these circumstances from the clear direction in *American Family* that it was a fundamental defect for a summons to be missing the authentication required under WIS. STAT. § 801.02 and closely related statutes. Even with that assumption, it was a fundamental defect that, *in addition to* the divergence in dates and the lack of authentication, the summons lacked the many items of information that must be substantially reflected on a summons, under the pertinent service statutes, notably WIS. STAT. § 801.095(1). Summons Two was fundamentally defective.

¶27    Craven contends that the circuit court decision allowed the LLC to "weaponize[]" procedural requirements "to win a game of skill." But it would be for our legislature or our supreme court to change the rule that fundamental

13

defects or errors include the failure to serve the defendant with authenticated copies of both the summons and the complaint, and to further treat as merely technical the wholesale omission of many items of required information from a summons. *See American Family*, 167 Wis. 2d at 534-35.[6]

¶28 In her opening brief on appeal, Craven uses the terms "certify" or "certification" in place of the statutory terms "authenticate" or "authentication." This usage in her appellate brief creates potential confusion, particularly given the consistent use of the term "authentication" in this context in Wisconsin law and the fact that Craven apparently obtained a *certified* copy of Summons Two. *See supra* note 4. Contained within the Wisconsin statute that specifies what a summons consists of is the following provision regarding authentication:

> There may be as many authenticated copies of the summons and the complaint issued to the plaintiff or

---

[6] This court has summarized in the following terms the competing interests that may call for enforcement of the service rules against personal jurisdiction over a defendant:

> Wisconsin requires strict compliance with its rules of statutory service, even though the consequences may appear to be harsh…. [T]he service of a summons in a manner prescribed by statute is a condition precedent to a valid exercise of personal jurisdiction, even though a different method might properly have been prescribed, and despite actual knowledge by the defendant. When a statute provides for service that confers jurisdiction over a party, there must be strict compliance with statutory service requirements. Even though failure to comply with the service requirements will result in a dismissal of the action and appear harsh under the circumstances, strict adherence to the procedural provisions is required. Uniformity, consistency, and compliance with procedural rules are important aspects of the administration of justice. If the statutory prescriptions are to be meaningful, they must be unbending.

*Mech v. Borowski*, 116 Wis. 2d 683, 686, 342 N.W.2d 759 (Ct. App. 1983) (service of unauthenticated summons and complaint prior to filing them with court was a fundamental defect) (citations omitted).

14

> counsel as are needed for the purpose of effecting service on the defendant. Authentication shall be accomplished by the clerk's placing a filing stamp indicating the case number on each copy of the summons and the complaint.

WIS. STAT. § 801.09(4). In contrast, a certified document is one that is certified to be a true and correct copy of an original by a public officer. *See* WIS. STAT. § 889.18(2), (3).

¶29 Having made that clarification, we turn to one of Craven's arguments. Using the term "certified" in place of "authenticated," Craven now asserts that "none of the Dane County Court Clerks [who] I interacted with would give me a certified copy of my complaint and summons until I paid for it." This occurred, she alleges, despite the entry of a circuit court order waiving filing fees. This argument appears to relate to the following assertion that Craven made to the circuit court at the March 27 hearing:

> I was granted a waiver for fees, [but I] wasn't given the authenticated documents after delivering my complaint and summons to the clerk, and I still had to come back and pay to obtain the necessary documents to serve on the defendant.

In her brief on appeal, Craven makes a variety of nonspecific factual allegations about conduct by one or more deputy clerks of the circuit court in connection with this action, but she fails to provide record support for these allegations, including even record support for the proposition that she made these same factual allegations in the circuit court.[7] "As an appellate court, we are limited to the

---

[7] Similarly, in an affidavit that Craven submitted to the circuit court, *see supra* note 3, she averred that she included in a motion to waive transcript fees that she filed in the circuit court on April 12, 2024 (after the court issued the order challenged in this appeal) "statements about being denied free certified copies of my complaint and summons by the Dane County Clerk of Court." But the record on appeal does not include this motion to waive fees, and therefore we ignore this reference in the affidavit as unsupported. *Suburban State Bank v. Squires*, 145

(continued)

record as it comes to us from the trial court." ***State v. Flynn***, 190 Wis. 2d 31, 46 n.4, 527 N.W.2d 343 (Ct. App. 1994). We conclude that Craven failed to provide the circuit court with a factual basis to conclude that the clerk's office improperly prevented Craven from obtaining a copy of a proper summons that was authenticated for service on the LLC.

¶30 Craven attempts to analogize this case to ***American Family***, in which our supreme court determined that the fact that the clerk of circuit court erred in its authentication effort—stamping an erroneous case number on the summons and complaint—created a mere technical defect in service, not a fundamental defect. *See **American Family***, 167 Wis. 2d at 534. But here Craven failed to establish any error by any clerk, and the defects here went well beyond the use of one wrong case number.

¶31 Craven asserts, "There is no distinction between an authenticated document and a certified document." This is not correct. We have summarized above the distinction between authentication in this context and a public official's certification of a document as a copy of an original, public document.

## CONCLUSION

¶32 For all these reasons, we affirm the circuit court order dismissing the action.

---

Wis. 2d 445, 451, 427 N.W.2d 393 (Ct. App. 1988) (When an appeal is brought upon an incomplete record, we assume that every fact essential to sustain the circuit court's decision is supported by the record.).

*By the Court.*—Order affirmed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)5.